ADAMS *v.* HARROLD.

AWARD.—Suit upon an award found in pursuance of a submission of the value of carpenter work done by the plaintiff for defendant. The award was for $516, "over and above the board." The defendant answered, by way of set-off, by an account against the defendant for board. Reply, that by the parol agreement of the parties, the claim for board had been submitted to the arbitrators, and was included in the award. The defendant offered no evidence in support of his set-off, and the judgment was for the plaintiff.

*Held,* that the award was not void for going beyond the submission—1, because it did not appear upon its face, or by the complaint, that a claim of defendant for board had been included; and 2, because the claim of defendant, if not included in the submission, was not barred, and the defendant was not prejudiced.

*Held,* also, that even if the reply was bad on the defendant's demurrer, he was not prejudiced, having offered no evidence in support of his set-off.

EVIDENCE.—Where a witness was introduced to prove a lost award, and a paper was handed him, and the question asked, "state whether, or not, this is a true copy of the award," it was held that the question was not objectionable.

APPEAL from the *Henry* Common Pleas.

FRAZER, C. J.—The complaint alleged a written submission to arbitrators, to fix the value of certain carpenter work performed by the plaintiff for the defendant, and an award for $516 81 thereon, "over and above the board." A demurrer to the complaint was overruled and error is assigned upon that ruling.

The second paragraph of the answer alleged a set-off of $221 70, for boarding, and payment of balance of plaintiff's claim, to which the plaintiff replied: 1. The general denial. 2. That the claim of the defendant for boarding had been, by agreement of both parties, submitted to the same arbitrators who made the award sued on, and by them determined in and by said award.

To this reply a demurrer was filed by the defendant, and overruled, and this is assigned for error. There was a finding for the plaintiff in the sum of $527 48, and a motion

Adams *v.* Harrold.

for a new trial overruled, which is claimed to be error. No evidence was offered to prove the set-off.

The ground upon which the appellant maintains that the complaint was bad on demurrer is, that the award was void for the reason that only the question of the value of the carpenter work was submitted, whereas the award shows, upon its face, that a claim of the defendant against the plaintiff for board had been considered and deducted from the value of the carpenter work. It does not so appear to us, looking merely at the complaint, of which the award is a part. The value of the labor is fixed by the award at a certain sum "over and above the board." What board? There is no sufficient warrant for a legal inference, from the complaint, to the effect that a claim of the defendant, for boarding the plaintiff, had been deducted from the value of the work; but even if that were so, it would not bar a recovery for the boarding, if that matter had not been submitted to the arbitrators; and so if the plaintiff was content, the defendant had no reason to be dissatisfied. It is the inclination of the courts to maintain awards, and merely technical reasons rarely avail against them.

It is the opinion of a majority of the court, that even if the second paragraph of the reply was bad on demurrer, yet the error would not be available, for the reason that it appears from the record that no evidence whatever was offered to support the set-off, wherefore no injury resulted from the action of the court on the demurrer. I am individually of opinion that the paragraph was good; that the parties having, by written agreement, submitted the plaintiff's claim for labor to arbitration, might afterwards, by parol, submit the defendant's claim for boarding to the same arbitrators, and that one award might cover both subjects. I know of no rule of law which contravenes this conclusion. Nor was the plaintiff, in his complaint, bound to anticipate the defense by alleging therein that the claim for boarding had been submitted. It was enough that he should state his own case.

To prove the contents of the award, which was shown to have been lost, the plaintiff put a paper in the hands of a witness, and asked him as follows: "State whether, or not, this is a true copy of the award." This, it is urged, was objectionable because leading. The objection is too nice. Leading questions are not always objectionable. They are sometimes eminently proper. It would be difficult to imagine any mode better calculated to get at the real truth of the matter than by the very interrogatory put. It did not suggest any answer.

The judgment is affirmed, with costs.

*J. Brown, R. L. Polk* and *W. March*, for appellant.

*J. H. Mellett* and *M. E. Forkner*, for appellee.