# CATHARINE CAMPBELL v. BEAR RIVER AND AUBURN WATER AND MINING COMPANY.

DAMAGE TO LAND BY WATER DITCH.—In an action to recover damages for an alleged injury to the plaintiff's land, resulting from the careless management of the defendant's water ditch, which traversed the land: *Held*, that the defendant was bound to exercise no greater care to avoid the alleged injury to the adjoining lands than prudent persons would employ about their own affairs under similar circumstances.

IDEM.—The true principle applicable to such cases is, that in order to avoid doing a damage to the property of another, a person is bound in law to such care in the use of his own property as a prudent man would employ under similar circumstances, if he were himself the owner of the property exposed to damage.

DEMURRER—ERROR, WHEN IMMATERIAL.—Where the Court erroneously overruled plaintiff's demurrer to certain new matter contained in the answer, under which, however, the defendant, at the trial, introduced no proof: *Held*, that the plaintiff's case was not prejudiced by such erroneous decision, and that it furnishes no ground for a reversal, on appeal, of a judgment rendered for the defendant.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The plaintiff's land is situated in Placer County. The portion of the defendant's answer which set up fraud in the procurement of the plaintiff's patent, and other affirmative matter, in defense to the action, was as follows:

"Defendant avers that if said plaintiff or her predecessors in interest ever had or now have such patent for such last named land, or any of them, that the same has been, by plaintiff and her predecessors, procured and obtained by fraud in this way: By falsely and fraudulently representing to said United States Government and the officers thereof, that the said lands were agricultural lands, and were open for entry, location, and sale. Whereas, in truth and in fact, the same were not agricultural lands, or more valuable for agricultural than mining purposes, but were and are mineral lands, composed of deposits of soil, gold-bearing gravel, earth, and rock of great depth and value, and have been, by the laws of the United States and the lawful proclamations in pursuance thereof, declared to be and were withheld and

reserved from entry, location, or sale.   All of which the said plaintiff and her predecessors in interest well knew.   And for other and further answer herein, defendant avers that it is, and for more than fifteen years has been, a corporation, duly organized and existing under and in pursuance of the laws of the State of California, for the purposes of and engaged in the business of constructing ditches to convey water for mining and other purposes, and during said period has constructed and been using that certain ditch commonly known as the Bear River Ditch, and its branches, commencing at Bear River, in said county, about twenty miles northeasterly from the Town of Auburn, in said county, and passing by said Auburn to the mines adjacent thereto and below said Auburn, and conveying water thereto to be used for mining, agricultural, and other purposes, and supplying the same when and where demanded, over an area of more than an hundred and twenty square miles of the territory and lands in said county.   That at the time when the same was constructed over the lands described in said complaint, to wit: in the year A. D. 1852, the said lands and the whole thereof were the public lands of the United States, and so far as the same were necessary to the construction and use of said ditch the same were appropriated by defendant to such construction and use; and since said appropriation and construction, the Congress of the United States, by statute duly entered, hath ratified, acknowledged and confirmed unto said defendant the use of said lands and the said appropriation thereof, and the right of way through, over, and across the same."

The other facts are stated in the opinion of the Court.

*Jo Hamilton,* for Appellant.

The Court erred in overruling the plaintiff's demurrer, because the answer failed to show any privity between the defendant and the Government from which the plaintiff derived her title.   (*Doll* v. *Meador,* 16 Cal. 491; *Cooper* v. *Roberts,* 18 Howard, 173.)   If it be said that appellant was

not prejudiced by such erroneous decision, I answer that as by the error the objectionable portions were permitted to stand, the plaintiff was thereby forced to change the whole theory of the trial, and instead of asserting plaintiff's rights under the patent, to rest alone on her prior location.  The Court erred in refusing the two instructions asked to be given to the jury by the plaintiff.  (*Hill* v. *Smith*, 27 Cal. 476; *Tenny* v. *Mining Ditch Co.*, 7 Cal. 339; *Hoffman* v. *Tuolumne Water Co.*, 10 Cal. 416; *Wolf* v. *St. Louis Water Co.*, 10 Cal. 544; *Turner* v. *Tuolumne Water Co.* 25 Cal. 403; *Wixon* v. *B. R. and A. W. and M. Co.*, 24 Cal. 367; *Natoma W. and M. Co.* v. *McCoy*, 23 Cal. 490.)

*Tweed & Craig*, for Respondent.

By the Court, CROCKETT, J.:

This is an action to recover damages for an alleged injury to plaintiff's lands, resulting from the careless management of the defendant's water ditch, which traverses the land. The complaint avers that the plaintiff is the owner in possession of the land, under a patent of the United States, and had appropriated it for agricultural purposes before the construction of defendant's ditch.  It avers that the defendants had so negligently constructed and managed the ditch that by reason thereof the plaintiff's grounds were submerged and covered with sand and gravel, and her buildings and orchard seriously injured.  The answer does not sufficiently deny either the prior appropriation of the land by the plaintiff, or that she holds it under a patent from the United States; but avers that her patent was obtained by fraud, and denies all negligence in the construction or management of the ditch, or that the plaintiff has suffered any damage from that cause. The plaintiff demurred to so much of the answer as sets up affirmative matter; but the Court overruled the demurrer, and the plaintiff excepted.

On the trial the evidence was conflicting in respect to the negligence complained of, but the defendant offered no evidence in support of the allegation of fraud in procuring the patent, and the patent was put in evidence by the plaintiff. A verdict and judgment having been rendered for the defendant, the plaintiff moved for a new trial, which was denied, and the plaintiff has appealed.

The only errors complained of are: 1st. The overruling of the demurrer to the answer; 2d. The refusal of the Court to give two instructions to the jury which were requested by the plaintiff.

We incline to the opinion that the Court ought to have sustained the demurrer to the affirmative matter set up in the answer, but it is evident the plaintiff has suffered no damage from this course. The Court instructed the jury that the pleadings admitted the prior appropriation of the land by the plaintiff, and the issuing of the patent, and no proof was offered by the defendant with the intent to impeach the patent. The plaintiff's case was not damaged by the affirmative matter in the answer, which was not attempted to be supported by proofs. The only issue before the jury, to which any evidence was adduced, was in respect to the alleged negligence of the defendant, and the consequent damage to the plaintiff. It would be a vain act, therefore, to reverse the judgment because the District Court erroneously allowed to remain in the answer affirmative matter which was not supported by proof, and which can in no manner have prejudiced the plaintiff.

At the instance of the plaintiff, the Court very fully and correctly declared to the jury the principles of law applicable to the case. After instructing the jury that the pleadings admit the prior appropriation of the land by the plaintiff, and that she holds them under a patent, the Court further instructs that "the law obliges every person to so use his own property as to do no damage to another. If the rights of both parties are of equal priority, the person doing the damage is bound to use the same degree of care which a prudent

person would use if he were the owner of the property in danger of being injured." This phraseology is not very accurate, and if subjected to criticism would be pronounced decidedly faulty. But its meaning is obvious, and could not have misled the jury. The principle it announces is, that in order to avoid doing a damage to the property of another, a person is bound in law to such care in the use of his own property as a prudent man would employ, under similar circumstances, if he were himself the owner of the property exposed to damage.

This is a correct exposition of the law applicable to the case. The defendant was bound to the use of such care in the management of the ditch as prudent persons employ in the conduct of their own affairs. (*Hoffman* v. *Tuolumne County Water Company*, 10 Cal. 413; *Wolf* v. *St. Louis Independent Water Company*, 10 Cal. 544; *Richardson* v. *Kier*, 34 Cal. 63.) But the Court refused to give an instruction asked by the plaintiff, to the effect that the defendant was liable, unless the damage was "the result of inevitable accident, and not from any mixture of fault or negligence on the part of the defendant, either in the construction, care, or keeping of its ditch."

This instruction states the proposition too broadly, and was properly refused. The other instruction which was asked and refused is even more objectionable. It asks the Court to declare that inasmuch as the plaintiff had appropriated the land "before the building of defendant's ditch," the defendant was bound to use "more than ordinary care in the building, conduct, and management of its ditch, and is liable for damage which it occasions, if the same could have been avoided by any possibility."

The plaintiff concedes that the defendant had the lawful right to "run its ditch where it runs. Plaintiff only asks for such damages as have been caused by defendant's want of care in and about its ditch and waters." This is the substance of an instruction given on the request of the plaintiff. If the defendant had the right to traverse the land with its

ditch, as the plaintiff concedes, it could be required to exercise no greater care, to avoid injury to the adjoining lands, than prudent persons would employ about their own affairs under similar circumstances. It was not bound to indemnify the plaintiff for all damage which could have been avoided "by any possibility;" but only for such damage as resulted from a want of the ordinary care which prudent persons exercise in the management of their own property.

Judgment affirmed.