CRAVENS v. GILLILAN, *Appellant.*

1. **Practice.** Failure to call the attention of the trial court by proper
   motion to error committed in ruling on a motion to strike out a
   pleading, cures the error.

2. ———: PLEADING. Though the trial court may have committed
   error in refusing to strike out an informal pleading, yet if the plead-
   ing was substantially good, and the instructions placed the case be-
   fore the jury in such a light that no injury could have resulted from
   the informality, this court will not reverse for the error.

3. **Pleading**: RATIFICATION. A plea of ratification is not a departure
   from a prior plea alleging execution of the instrument in suit.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS,
Judge.

AFFIRMED.

This was a suit against Nathan Gillilan on a promis-
sory note. The petition was in the ordinary form. The
answer was a plea of *non est factum.* An amended reply
denied generally each and every allegation of the answer,
and further averred specially that " after the execution of
the note in suit, as stated in plaintiff's petition, to-wit :
On or about the — day of June, 1874, upon having his
attention called to said note, defendant, Nathan Gillilan,.
told plaintiff that said note was all right, and that he would
pay it, and thereby then and there ratified the action of
Robert L. Gillilan in signing the name of this defendant

to said note." Defendant moved to strike out these aver-
ments on the ground that they were a departure from the
petition, and an attempt to avoid the facts stated in the
answer without admitting the truth thereof. This motion
was overruled.

At the trial, plaintiff testified as follows : On the day
of the date of the note in suit Robert L. Gillilan came to
my house and told me that his sister, Mrs. Mary J. Clen-
dennen, since deceased, needed some money, and that his
father, Nathan Gillilan, had sent him to me to get it. I
wrote the note and Robert L. Gillilan signed all the names
to it in my house, and I let him have the money. Defend-
ant was not present.

With a view of showing ratification, plaintiff further
testified : Mrs. Clendennen died in the winter of 1873–4. I
never spoke to defendant about the note in suit until some
time after her death. I think it was in June, 1874, at
which time I met defendant in Gallatin and told him about
the note, how much it was for, whose names were to it,
and that Robert L. said, when he got the money, that it
was for Mrs. Clendennen. The defendant then said, " If
you want the money, we will 'pay it." I told him that I
did not need the money, that I applied to him because Mrs.
Clendennen was dead, and that my object in mentioning
the matter was that they might take the note up and have
it probated against Mrs. Clendennen's estate and give a
new note. I knew that Nathan and Robert were each
doing a large business, and that they might have over-
looked the matter. Nathan then asked me if I had the
note with me. I told him that I had not, that it was at
the bank. Nathan said he would see Robert (who was
then in town) about it, and left me. This was the first
conversation we had about it. In about an hour after we
had the conversation just mentioned, defendant Nathan
came to where I was and said that he had seen Robert
about the note, that it was all right, that I need not have
it probated against Mrs. Clendennen's estate, and that it

was not necessary to give a new note as it was Robert's debt, or Robert's note, and that Robert owed the money. Our conversation related to giving new note, and taking up the old one, and having it probated against Mrs. Clendennen's estate. I think Robert L. was arrested in September, 1874, and soon after his arrest, as his creditors were attaching his property, I started with Mr. Leopard to Nathan's residence to see him about it, and to get him to assist me in getting hold of Robert's property so as to save both of us. On the road we met defendant, and he asked me if I was going to his house; told him I was; nothing said as to what for; he said he had to go to Gallatin and we also drove back. After we got to town defendant came to me and asked me to show him the note; I did so, and when he looked at it he said it was a forgery so far as his name was concerned, and that he believed Mrs. Clendennen's name was also forged.

Defendant objected to this testimony on the ground, among others, that under the pleadings evidence of ratification was inadmissible; but the objection was overruled. Defendant offered no evidence.

On motion of plaintiff the court gave the jury the following instruction: Although the jury may believe that Robert L. Gillilan, at the time he signed Nathan Gillilan's name to the note, had no authority so to do, yet if they believe from the testimony that defendant, after he had been informed that his name was signed to the note by Robert L. Gillilan, and with the full knowledge of all the facts connected therewith, promised plaintiff to pay it, the finding must be for plaintiff.

On motion of defendant, the court gave the following instructions. (1) There is no evidence that Nathan Gillilan signed or authorized Robert L. Gillilan to sign his name to the note in suit. (2) Before the jury can find for the plaintiff they must find from the evidence that after said Nathan Gillilan had full notice of all the facts in relation to the execution of said note he promised to pay the

same, and a promise made without full knowledge of all such facts, or under a mistake as to any material fact will not bind said Nathan. (3) In determining the force and effect of defendant's statements, the jury ought to consider the connection in which they were made, and the subject matter that was being discussed.

The following instructions, asked by defendant, were refused: (4) Under the pleadings and the evidence, the jury must return a verdict for the defendant. (5) Although the jury may find from the evidence that plaintiff, after the execution of said note, informed defendant, Nathan Gillilan, that Robert L. Gillilan signed his (Nathan's) name to said note, and that the same was executed for money borrowed of plaintiff by said Robert for defendant's daughter, Mrs. Clendennen, and that thereupon said defendant promised to pay said note, yet they cannot find for plaintiff unless they further find that the money was actually borrowed for Mrs. Clendennen. (6) A promise to pay said note after the same became due, is not a sufficient ratification of the act of said Robert in signing defendant's name thereto.

There was a verdict and judgment for plaintiff, and defendant appealed.

*Shanklin, Low & McDougal* for appellant.

*J. C. Cravens* and *Joshua F. Hicklin* for respondent.

SHERWOOD, C. J.—This case has been here before, and is reported in 63 Mo. 28, and we then discussed the principles we thought applicable to this case. In consequence, however, of a retrial, the discussion of other points becomes necessary.

## I.

The attention of the court not having been called, either in the motion for new trial or that in arrest, to the alleged error of refusing to strike out the amended repli-

cation of plaintiff, it would seem such error, if any, has been thereby cured.

## II.

But granting it has not, the error at worst, is but a harmless one.   For the replication, though informally drawn, because it does not in terms confess the non-execution of the note and then plead defendant's ratification, certainly admits inferentially that defendant did not execute the note and then tenders the issue of his ratification. The instructions on this point, both for plaintiff and defendant, were most unexceptionable, so that it cannot be maintained that any injury has resulted from the informal replication.

## III.

Nor was the replication a departure from the allegations of the petition.   That offense is said to occur "when, in any pleading, the party deserts the ground he took in his last antecedent pleading, and resorts to another." Steph. Plead., 410.   The plaintiff did not abandon his original ground when pleading ratification, since ratification is only another method of execution, giving to a prior unauthorized act life and validity where it possessed none before:   "Matter which maintains, explains and fortifies the declaration or plea, is not a departure."   1 Chitty Plead., 677.   The plaintiff was not bound to anticipate the defense his adversary might make ; it would have been bad pleading if he had.   And it was as competent and proper for him to meet the plea of non-execution, by replying ratification as it would have been in an action of assumpsit where infancy was pleaded, to have replied a promise made by the infant after attaining majority.   For these reasons we regard evidence of ratification as admissible under the pleadings.   As to that evidence, it was certainly sufficient to support the verdict.

We shall decline to discuss whether a forgery may be ratified, because there was no evidence, except the outside

statement of the defendant, that any forgery had occurred, and because, more especially, no instruction was asked on this point. Discovering no substantial error in the record, we affirm the judgment. All concur.