## PETERSON v. HUBBARD.

### No. 9298; December 23, 1885.

9 Pac. 106.

**Contract—Action for Breach—Pleading—Answer.—Where, by a Stipulation** in an agreement, the party agreed that, in building a certain mill, he would not let any sawdust or rubbish be put into the stream, so as to prevent the use of the stream by plaintiff's family, in an action for breach of such stipulation an allegation in the answer that the defendant prevented the sawdust and rubbish from being carried down by the stream, and that the waters thereof were not rendered impure, etc., by reason of such sawdust and rubbish, constitutes a valid defense.

**Contract—Payment.—In an Action for Breach of Contract,** settlement and payment in full is a valid defense.

**Findings—Affirmative Defense.—Where in an Action** judgment is rendered for defendant, a finding upon an affirmative defense **not** supported by proof is unnecessary.

APPEAL from Superior Court, County of Santa Cruz.

Z. N. Goldsby for appellant; A. E. Bolton for defendant.

McKEE, J.—In this case the appellant contends that the judgment and order appealed from should be reversed, because (1) the court below erred in overruling a general demurrer to those portions of defendant's answer designated as his second and third defenses; (2) because the decision and judgment of the court are based on the findings of particular facts which were not within the issues of the case, and also upon certain facts which were not sustained by the evidence; and (3) because of a want of finding upon some of the material issues in the case. The case arises out of an action to recover damages for the breach of a contract by which the defendant agreed to build a sawmill upon a tract of land situated on the forks of· Collins creek, in Santa Cruz county, and manufacture into lumber the timber upon it, for which payment at a stipulated price was to be made to the plaintiff. Construction of the mill, the manufacture of lumber thereat, from April, 1880, until January, 1881, and payment to the

plaintiff, according to the terms of the contract, were admitted. But it appears at the date of the contract the plaintiff had a flume on the land on which the contract was to be performed, by which he obtained from the creek a supply of water for domestic purposes, at his house and premises bordering on the creek. This flume extended from a point in the creek about seven hundred yards below the millsite on which the mill was to be built, and the contract contained a stipulation that "the said Hubbard is not to let any sawdust or rubbish be put into said streams of water so as to injure and prevent the use of the same for his said Peterson's, family use." This agreement, it is charged, the defendant violated by depositing, and causing to be deposited, on the banks of the creek, and in the creek, at and near the mill, large quantities of "sawdust and other rubbish," which were brought down by the creek into and through the plaintiff's flume to his house and premises, "rendering the water impure, corrupt, unwholesome, and unfit for family use," to his great damage. The answer filed by the defendant contained a general denial, and also separate statements of facts, by way of defense, showing (1) impossibility of building and operating the mill so as to stop the fall of sawdust and rubbish from the mill into the stream, and performance of the contract by lawful and proper means, which prevented the sawdust and rubbish from being carried down by the stream, or through the plaintiff's flume, so as not to injure or render impure the water which flowed through the flume to the plaintiff's house and premises; and (2) performance of the contract by settlement and payment in full.

There was no prejudicial error in overruling the general demurrers interposed to those special defenses. The object of the contract was to prevent sawdust and rubbish from the mill, which would, of necessity, fall into the creek while operating the mill, from "being put into said streams of water so as to injure and prevent the use of the same for the plaintiff's family use." That object was achievable. However inconvenient it might be, it was not impossible. Performance of the contract was therefore possible (Civil Code, section 1597), and defendant was bound to perform it. But he was entitled to allege and prove substantial performance of the contract, and the allegations that he did, by lawful and proper

means, prevent the sawdust and rubbish from the mill from being carried down to the plaintiff's flume, and that the water of the creek which flowed through the flume to the plaintiff's house and premises was not injured or rendered impure, corrupt, unwholesome, or unfit for use by the sawdust and rubbish from the mill, constituted a valid defense.

Settlement and payment in full also constitute a valid defense to an action for an alleged breach of the contract.

The facts found by the court were within the issues made by the answer and complaint. The finding covers the issues, and it is sustained by the evidence in the case.

There was no finding necessary upon the defense in the answer of settlement and payment, because the defense was not supported by proof: Campbell v. Bear R. & A. W. & M. Co., 35 Cal. 682.

Judgment and order denying a new trial affirmed.

I concur: Ross, J.

I concur in the judgment: McKinstry, J.