[No. 13037.   Department Two. — June 30, 1891.]

# H. L. GILLASPIE, RESPONDENT, *v.* W. A. HAGANS ET AL., APPELLANTS.

LEASE — ACTION FOR RENT — PLEADING — DEMURRER — PERFORMANCE OF COVENANTS BY LESSOR — COUNTERCLAIM — BREACH BY LESSOR — ERROR WITHOUT INJURY. — The failure of a complaint, in an action for rent due under a written lease, to allege the performance, or an excuse for the non-performance, of the covenants of the lease to be performed on the part of the lessor, if error, is error without injury, where the covenants are set up in a counterclaim and their breach therein alleged, and the case is tried upon the issues thus raised.

ID. — RENT — DAMAGES FOR BREACH OF COVENANT — MISJOINDER OF CAUSES OF ACTION — ABANDONMENT OF COUNT FOR DAMAGES — ERROR WITHOUT INJURY. — Where a complaint contained two counts, one for rent due under a written lease, and the other for damages for the breach of a covenant to restore the property in good condition, the overruling of a demurrer to the complaint, on the ground of misjoinder of causes of action, if error, is error without injury, where it appears that the latter count was wholly abandoned by the plaintiff upon the trial, and the court so charged the jury, and the verdict was for a sum less than the amount claimed in the other count to be due for rent.

EVIDENCE — TRIAL — STRIKING OUT COMPETENT TESTIMONY — CURE OF ERROR. — Error of the court in striking out competent testimony is cured by the witness being subsequently recalled and giving substantially the same testimony without objection.

LEASE — COVENANT OF LESSOR TO BUILD LAUNDRY — DAMAGES FOR BREACH — EVIDENCE — VALUE OF USE OF LAUNDRY. — Questions as to the value of the use per month of a laundry attached to a leased building, or to a hotel like it, failing to state the correct rule of damage for the landlord's breach of covenant to build a laundry upon the premises, are properly rejected.

ID. — SUBSTITUTE FOR LAUNDRY TO BE ERECTED — WAIVER OF COVENANT. — The lessee cannot recover for breach of covenant to build a laundry, beyond the period during which he was deprived of the use of any laundry, if it appears that the erection of a laundry building was waived, and a room in the hotel was fitted up at the lessor's expense and used for laundry purposes with the consent of the lessee.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion.

*T. L. Carothers*, for Appellants.

*J. A. Cooper*, for Respondent.

FITZGERALD, C. — This action is brought by plaintiff against the defendants to recover the sum of $1,002.93 for rent alleged to be due and unpaid on certain leased premises, described in the amended complaint as the Capitol Hotel, and for damages in the sum of $200 for breach of covenant to restore the property in the condition provided for by the terms of the lease.

The amended complaint, which is unverified, separately states two independent causes of action, in both of which the contract of lease, which is in writing, is pleaded *in hæc verba*.

In the first count it is substantially alleged that on the thirteenth day of May, 1884, plaintiff let to the defendants, upon the terms and conditions set forth in the lease, the property known as the Capitol Hotel, and described therein as the hotel then in the possession of one Fairbanks.

The second cause of action, after adopting paragraphs 1 and 2 of the complaint, sets up the covenant in the lease to restore the property, and avers damages in the sum of two hundred dollars for breach thereof.

The instrument in writing executed by the parties hereto, and set out as stated in each of the foregoing causes of action, contains, as we think, two independent contracts of lease of separate and distinct properties, with the rent specifically fixed for each, and the terms commencing at different periods of time, as will be seen from the terms and conditions thereof, which are substantially as follows: —

One of the properties referred to is the building in course of construction at the time of the execution of the lease, and afterwards known as the Palace Hotel. The lease of this property was for the term of five years from the date of its completion, at a monthly rental of $150, payable on the first day of each month, plaintiff agreeing to finish the building within a reasonable time, according to the original plans and specifications, except as varied by consent of parties, and to build on the premises a laundry and wood-shed of rough boards. It was further agreed that all improvements made upon the property during the said term should be enjoyed by defendants without further rent, "but that the store-house under the hotel was no part thereof."

The other piece of property, designated as the Capitol Hotel, plaintiff "also leases" to defendants for the term of five years from the date of the expiration of the lease of one Fairbanks, then in the possession thereof, at a monthly rental of twenty-five dollars, payable on the first day of each month, defendants agreeing to yield up the premises in as good condition as when leased, reasonable wear thereof and damages by the elements excepted.

But it is immaterial, in the view that we take of this case, whether this instrument in writing is construed as one contract of lease for both properties, or as separate contracts of lease for each piece thereof.

Defendants demurred generally to each cause of action stated, and specially on the ground that the amended complaint improperly unites in one action a claim for money due on a written contract with a claim for unliquidated damages for waste and injury to realty.

The demurrer was overruled by the court, and thereupon defendants answered by a general denial, and as a separate defense set up as counterclaim damages in the sum of $6,137.50 for breach of covenants to complete the Palace Hotel according to plans and specifications,

and to build a laundry upon the premises thereof, and pray judgment therefor and costs of suit.

The case was tried by a jury, and a verdict rendered and judgment entered thereon in favor of plaintiff for $833.73, from which judgment, and the order refusing a new trial, this appeal is taken.

Defendants base their contention in support of the first ground of demurrer on the failure of the complaint to allege performance or excuse non-performance of the terms and conditions of the lease, out of which it is alleged this action arose.

The amended complaint alleges the execution of the lease, which is set out in full therein, possession of the premises thereunder, and the non-payment of the rent alleged to be due and unpaid thereon.

The covenants, the breach of which are set up as counterclaim for damages, are contained in and apply only to the lease of the Palace Hotel property. There are no such covenants in the lease of the Capitol Hotel property.

But conceding that the amended complaint should have alleged performance or excused non-performance of these covenants, they are set up in the counterclaim, and the breach thereof alleged, and as the case was tried upon those issues, we fail to perceive in what way the defendants were injured thereby.

It is further contended that the court erred in overruling the demurrer to the amended complaint, on the ground of misjoinder of causes of action.

As to whether the second cause of action is in tort, or for breach of covenant to return the property in good condition, we are not called upon, in view of what transpired at the trial of the case, to decide. Admitting, however, that the causes of action were improperly united, and that the court erred in overruling the demurrer, it appears that this cause of action was wholly abandoned by plaintiff at the trial of the case, and no

evidence offered thereon, and that the court so charged the jury. It is therefore evident that the jury could not have considered the question of damages 'claimed thereunder in the rendition of their verdict, which position is further strengthened by the verdict itself, which was for a sum less than the amount claimed to be due for rent.

It therefore follows that the ruling of the court on this ground of demurrer, if erroneous, is affirmatively shown by the record to be error without injury. (Code Civ. Proc., sec. 475; Hayne on New Trial and Appeal, sec. 286; *Campbell* v. *Bear River etc. Co.*, 35 Cal. 682; *Reynolds* v. *Lincoln*, 71 Cal. 184.)

It is further claimed that the court erred in granting plaintiff's motion to strike out the testimony of the witness Tanner as to the value of the use of the laundry to the Palace Hotel.

Admitting that the evidence was competent for this purpose, and that the court erred in striking it out, the error was cured by this witness being subsequently recalled and giving substantially the same testimony without objection.

The other rulings of the court excepted to and assigned as error are, save one, upon questions as to the value of the use per month of a laundry attached to the Palace Hotel, or to a hotel like it. The objections to these questions were properly sustained, as they failed to correctly state the rule of damage in such cases.

It is indisputably shown by the evidence that the building of the laundry was waived by the defendants, and that they agreed to use the west wing of the Capitol Hotel as such, and that after plaintiff had prepared it by making the necessary improvements at his own expense for that purpose, it was so used by the defendants during the remainder of the time they were in possession.

The witness Hagans, one of the defendants, testified

that such a laundry as the one referred to would be worth from eight to fifteen dollars per month; and by the witness Tanner, that in connection with the Palace Hotel it would be worth twenty dollars per month.

The evidence shows, and it is nowhere contradicted, that the amount of rent due was $1,002.93. The verdict was for $833.73, thus allowing the defendants the very liberal sum of $169.20 for the three months that they had the washing done elsewhere.

It is lastly claimed that the court erred in its charge to the jury, but counsel for appellant has failed to point out what particular part of it he objects to. We have, however, carefully gone over the charge, and if any objection can be urged to it, it would come, it seems to us, more appropriately from the other side.

We therefore advise that the judgment and order be affirmed.

Foote, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.