[No. 7654.   Decided January 7, 1909.]

Rose V. Ferrandini, *Respondent*, v. Bankers Life
Association of Des Moines, Iowa, *Appellant.*[1]

Appeal—Review—Harmless Error—Trial of Cause.   Under Bal.
Code, § 6535, requiring the supreme court to disregard all technicali-
ties and determine the cause on its merits, error cannot be assigned
on setting a cause for trial before the issues are made up, where the
parties had full opportunity to present the merits.

Pleading—Reply—Departure—Insurance — Action on Policy.
In an action upon life insurance policies where the complaint was
in usual form, and the answer alleged breach of warranty and false
representations as to the health of the deceased in making the appli-
cation, it is not a departure in pleading for the reply to set up an
estoppel to interpose those defenses by the act of its physician in
examining the deceased and assuring him that he was in good
health and free from disease; since it was incumbent upon the
defendant to allege the breach of warranty and plaintiff need not
anticipate defenses.

Same.   It is not a departure in pleading that a complaint in an
action on life insurance policies alleged that the deceased applied
for the insurance, and the reply alleged that the defendant solicited
the insurance, as the same is immaterial.

Appeal—Review—Harmless Error—Pleadings.   Error in over-
ruling a demurrer to a reply to an affirmative defense is harmless
where no proof was offered to support the defense.

Appeal—Decision—Damages for Delay.   In affirming a judg-
ment, damages for delay will not be awarded where the appeal was
prosecuted in apparent good faith, although there was little merit
in the appeal.

Appeal from a judgment of the superior court for Spo-
kane county, Poindexter, J., entered April 24, 1908, upon
the verdict of a jury rendered in favor of the plaintiff by
direction of the court, upon the defendant's refusing to offer
any testimony at the close of plaintiff's case.   Affirmed.

*Voorhees & Voorhees* and *Thomas C. Dutro*, for appellant.

*Robertson & Rosenhaupt*, for respondent.

[1]Reported in 99 Pac. 6.

Rudkin, J.—This action was instituted to recover the sum of $6,000, on three policies of insurance for the sum of $2,000 each, issued by the defendant on the life of Antoine J. Ferrandini, and payable to the plaintiff in the event of his death. The complaint alleged, in three several causes of action, the issuance of the policies, the death of the insured while the policies were in full force and effect, the proofs of death, and the refusal of the defendant to pay the amount of the insurance. The answer admitted the issuance of the policies, and the death of the insured, denied that the policies were in force at the time of his death or at any time, and set forth the following affirmative defenses:

(1) That in his application for insurance the deceased falsely and fraudulently represented that he was in good health and free from disease; that he had had no sickness during the past five years; that he had no disease of the kidneys or urinary organs; that he had not consulted a physician for four years prior to the date of his application; that in truth and in fact at the time of making such application the deceased well knew that he was not in good health, nor free from disease; that he had consulted a physician about three months prior to the date of his application and was by him informed that he was afflicted with a disease of the kidneys and urinary organs; that said representations were falsely and fraudulently made for the purpose of obtaining the policies, and that the defendant relied on said false and fraudulent representations.

(2) That in his application for insurance the deceased warranted the statements and answers therein made to be full, complete, and true, and that any untrue answers made therein or any concealment of the truth as to his health, physical condition, or personal or family history should forfeit and cancel the policies issued pursuant to such application; that the application contained the warranties and representations set forth in the first affirmative defense; that the defendant relied on such warranties and representations, and issued the

policies in consideration thereof, and that the warranties and representations were untrue.

(3) That the application provides that the policies should not take effect unless the first payment was made, and the policies signed by the secretary and delivered during the continuance of the applicant in good health, and that at the time the first payment was made and the certificate signed and delivered the applicant was not in good health.

The reply denied the affirmative matter in the answer, and alleged:

"That by the procurement of the defendant the said deceased permitted defendant's examining physician to examine his urine, kidneys, heart and vital organs, and such examination disclosed the exact and true condition of the deceased, and the defendant constituted said physician its physician to make such examination thereof; that after full examination the said physician determined that the deceased was not in ill health; that the said deceased when he applied for life insurance subjected himself to the examination of said defendant and its examining physician and answered all of the questions truthfully and relied upon said certificate of said doctor as to the physical condition of the said deceased."

While a demurrer was pending to this reply, the case was set down for trial at a future day, over the protest of the defendant. The court overruled the protest, stating that the setting was conditional only, and that the setting would be vacated if the demurrer should thereafter be sustained. The demurrer was subsequently overruled, and the cause came on for trial before a jury. At the close of the plaintiff's case, the defendant refused to offer any testimony, and the court directed a judgment in plaintiff's favor for the full amount of the three policies. From this judgment the defendant has appealed.

While the assignments of error are fourteen in number they are all included within the following: (1) Error in setting the case for trial before the issues were made up, in contravention of the rules of the superior court of Spokane

county. (2) Error in denying the motion to strike the amended reply. (3) Error in overruling the demurrer to the amended reply. (4) Error in admitting any testimony under the pleadings. The last three assignments are based on the claim that there is a departure in the respondent's pleadings.

Bal. Code, §6535 (P. C. §1083), provides that this court must hear and determine causes on their merits, disregarding all technicalities, and under this section we cannot consider a mere error or irregularity in setting a case for trial before the issues are made up, where the parties have been given a full opportunity to present their cause of action or defense. If the action of the trial court in setting the cause for trial was erroneous, it was clearly error without prejudice so far as this record discloses.

In support of its contention that there was a departure in the pleadings, the appellant says:

"The amended reply, briefly stated and in substance, seems to be that the conclusion of the medical examiner that the insured was in good health, estops the association from questioning the representations of the assured, contained in the contracts, but in the contracts themselves nothing can be found to sustain this proposition, so that the amended reply, in effect, denies the contracts declared upon in the complaint, and sets up entirely different contracts, and a departure in the pleadings is apparent."

There is no merit in this contention. The pleadings are in the usual form in actions of this kind. The respondent set forth her cause of action under the policies; the appellant sought to defeat the policies by alleging breach of warranty and false representations, and the respondent replied that the appellant was estopped to interpose these defenses. This did not change the contract of insurance or the cause of action. Bal. Code, §4917 (P. C. §384), provides, that,

"When the answer contains new matter constituting a defense or counterclaim, the plaintiff may reply to such new matter, denying generally or specifically each allegation con-

troverted by him, or any knowledge or information thereof sufficient to form a belief; and he may allege in ordinary and concise language, without repetition, any new matter, not inconsistent with the complaint, constituting a defense to such new matter in the answer."

We think the reply in question was fully warranted by this section. A departure takes place "When in any pleading, the party deserts the ground he took in his last antecedent pleading, and resorts to another." Stephens, Pleadings, 410. In actions of this kind it is incumbent on the defendant to allege and prove the breach of any warranties contained in the application or policy, and the plaintiff is not bound to anticipate the defense his adversary may make. If the contention of the appellant is sound, a plaintiff must amend his complaint and anticipate a defense every time he seeks to estop a defendant from claiming a forfeiture or breach of warranty in the contract on which the action is brought. Such a rule cannot obtain. In *Commercial Electric Light & Power Co. v. Tacoma,* 17 Wash. 661, 50 Pac. 592, the plaintiff's right of action was based on a franchise granted by the city of Tacoma which possessed all the essential elements of a contract. The answer alleged a forfeiture of the franchise or contract and the reply pleaded an estoppel. The claim was advanced there, as here, that the reply should have been stricken, but the court said:

"Appellants also complain of the court's refusal to strike plaintiff's reply on the alleged ground that it was immaterial and irrelevant. The answer filed by defendants set up facts going to show that the plaintiff had forfeited whatever rights it obtained by virtue of the city ordinance, and the plaintiff in its reply stated affirmative matters showing a waiver or estoppel on the part of the city. We think that this matter in the reply was not inconsistent with the complaint, but on the contrary was in accordance with that section of the Code of Procedure which provides that any new matter, not inconsistent with the complaint, constituting a defense to new matter set forth in the answer may be alleged in the reply."

See, also, *Craven v. Gillilan*, 73 Mo. 524; 6 Ency. Plead. & Prac. 465 *et seq.* The fact that the reply alleged that the deceased was examined for insurance by the procurement of the appellant, while the complaint alleged that the deceased applied for the insurance, is utterly immaterial. The cause of action and the contract remained the same whether the deceased applied for the insurance or the appellant or its agents solicited the insurance.

It is further claimed that the plea of estoppel contained in the reply was insufficient in law, but that question is not material now. No testimony was offered either in support of the reply or in support of the affirmative defenses against which the reply was directed, and the judgment does not depend for support on anything contained in the reply. The overruling of a demurrer to an affirmative answer or reply is error without prejudice where no proof is offered in support of the affirmative pleading. *Hill v. Young*, 7 Wash. 33, 34 Pac. 144; *Campbell v. Bear River & Auburn etc. Mining Co.*, 35 Cal. 679; *Adams v. Harold*, 29 Ind. 198; *Nave v. Wilson*, 33 Ind. 294.

The respondent contends that this appeal is prosecuted for delay only, and that this court should impose fifteen per cent damages on affirmance, under Bal. Code, § 6522 (P. C. § 1070). We have always refused to award damages under this section where an appeal is prosecuted in apparent good faith, though there may be little merit in the appeal itself. The claim for damages is therefore disallowed, but the judgment is affirmed.

FULLERTON, MOUNT, and DUNBAR, JJ., concur.