MYRON BABCOCK, Appellant v. UNITED RAIL-WAYS COMPANY OF ST. LOUIS, Respondent.

**St. Louis Court of Appeals.  Submitted on Briefs May 2, 1911. Opinion Filed June 6, 1911.**

1. **ESTOPPEL: Pleading.**  Matters in estoppel must be pleaded.

2. **PRINCIPAL AND AGENT: Ratification of Agent's Acts: Pleading: New Matter Pleaded in Reply: Anticipating Defense.**  Where defendant in its answer pleaded a release to the cause of action sued upon, executed by plaintiff's agent, and plaintiff's reply was a denial of the authority of the agent to execute the release, defendant had a right, without further pleading, to give in evidence any fact, either of prior authority or subsequent ratification, to show that the execution of the release was the act of plaintiff and was binding upon him, since, under sections 1811 and 1830, Revised Statutes 1909, a cause is at issue when a reply is filed and no subsequent pleading is tolerated, and defendant was not bound to anticipate in its answer the defense of *non est factum* set out in the reply.

3. **APPELLATE PRACTICE: Theory at Trial: Shifting Position: Pleading.** Where, to an answer setting up a release, plaintiff replied that the release was executed by his attorney without authority, and the case was tried on the theory that defendant might avail itself of the defense of ratification without further pleadings, it was not open to plaintiff to object, on appeal, that evidence of ratification was not admissible under the issues.

4. ————: **Conclusiveness of Finding.** A finding of fact by the trial court sitting as a jury which is supported by ample evidence is conclusive on appeal.

5. **PRINCIPAL AND AGENT: Unauthorized Act of Agent: Ratification: Facts Stated.** Plaintiff executed a written power of attorney, whereby he employed an attorney to assert and collect a claim against defendant arising out of personal injuries sustained by his wife. On the 14th day of June, defendant and the attorney compromised the claim, and on the same day the attorney remitted to plaintiff the proceeds of the settlement, after deducting his stipulated fee. Two days later plaintiff cashed the check remitted by the attorney and commingled its proceeds with his own funds and kept them so commingled, without protest or notice of disaffirmance to defendant, until the 8th day of the following September, when he tendered to defendant the amount that had been remitted to him and commenced suit on his cause of action. *Held,* that a finding by the trial court, sitting as a jury, that plaintiff did not disavow the act of his agent within a reasonable time and hence that he had ratified the same was supported by the evidence and could not be successfully assailed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*James M. Sutherland* for appellant.

(1) It will be seen by an examination of the pleadings that this question of ratification was not in the case. The appellate courts of the state have, in a long and unbroken line of decisions, declared that the issue of ratification or estoppel must be raised by the pleadings. Webb v. Allington, 27 Mo. App. 559; Farnau v. Whitford, 39 Mo. App. 311; McClanahan v. Payne, 86

Mo. App. 292. (2)  The court also erred in holding that, under the evidence, plaintiff ratified the unauthorized and illegal act of attorney Sumner in compromising plaintiff's cause. of action.  Advertising Co. v. Wanamaker, 115 Mo. App. 270; Peck v. Ritchie, 66 Mo. 114; Teasdale v. McPike, 25 App. 341; Johnson v. Berry, 3 Ill. App. 256; Hanks v. Drake, 49 Barb. 186; Hawkins v. Lange, 22 Minn. 557; Farwell v. Howard, 26 Iowa 381; Cooper v. Schwartz, 40 Wis. 54; Pittsburg v. Wooley, 12 Bush (Ky.) 451; Marshall v. Williams, 2 Biss. 255; Woodward v. Luydon, 11 Ohio 360; Matthews v. Fuller, 123 Mass. 446; Fisher v. Rockwell, 104 Mass. 167; Ruffner v. Hewitt, 7 W. Va. 585; Smith v. Jefferson Bank, 120 App. 527; Althoff v. St. Louis Transit Co., 204 Mo. 166; Beland v. Brewing Co., 157 Mo. 593.

*Boyle & Priest* and *T. E. Francis* for respondent.

(1)  The question of lack of the agent's authority to compromise the case having been first raised by the reply, it was impossible for defendant to plead ratification, since, under the Code, the filing of a rejoinder or other pleading after the reply is not tolerated.  Sec. 1811, R. S. 1909; Sec. 1830, R. S. 1909; Sidway v. Land Co., 163 Mo. 342; Kinney v. Miller, 25 Mo. 576.  If, under the Code, it were permissible to file a rejoinder, it would have been proper for defendant to have pleaded ratification in a rejoinder.  Cravens v. Gilliland, 73 Mo. 524; McLachlin v. Barker, 64 Mo. App. 511. (2)  By retaining the proceeds of the settlement made by his agent for three months and commingling them with his own funds, and by failing to give defendant notice of his repudiation and disaffirmance of the settlement, plaintiff ratified the act of his agent. 1 Am. and Eng. Ency. Law, p. 1201; Haar v. Industrial Ben. Assn., 71 Hun. (N. Y.) 554; Tooker v. Sloan, 30 N. J. Eq., 394; Davis v. Krum, 12 Mo. App. 279, 287; McLachlin v. Barker, 64 Mo. App. 511; Watson v.

Bigelow, 47 Mo. 413; Fahy v. Grocer Co., 57 Mo. App. 73. (3) The trial court's finding as a fact that plaintiff did not disavow the action of his attorney within a reasonable time is conclusive on appeal. Advertising Co. v. Wanamaker, 115 Mo. App. 270.

REYNOLDS, P. J.—This is an action in which plaintiff sought to recover as damages, for expenditures made and for which he had become liable, and for the deprivation of the society and companionship and services of his wife, by reason of her having been injured, as is alleged, by the carelessness and negligence of defendant and its agents in the operation and conduct of a street car in which the wife was at the time a passenger, the accident occurring in the city of St. Louis. For these plaintiff demanded judgment for $4400 and costs.

The answer, after a general denial and averment of contributory negligence on the part of the wife, avers that plaintiff, for a valuable consideration, towit, $250, paid him through his lawfully authorized attorney at law and in fact, executed a release, acquitting and discharging defendant from any liability accrued or thereafter to accrue to plaintiff on account of the alleged matters counted on in the petition, which sum and consideration for the release, so paid by defendant in settlement of plaintiff's alleged cause of action, plaintiff retains.

The release relied upon purports to be in consideration of $250 paid by defendant to plaintiff and purports to release defendant from all liability on account of all loss, etc., sustained by him by reason of the accident referred to, is dated June 14, 1906, and is signed, "Myron Babcock, per W. D. Sumner, Attorney in fact." The power of attorney from plaintiff, dated 13th of April, 1906, appointed one W. D. Sumner as attorney at law and in fact with power to represent plaintiff in or out of court in all transactions lead-

ing to the final disposition of the claim plaintiff had against defendant for loss of services, medical bill expended and loss of society and companionship which he, plaintiff, has sustained since the 6th of January, 1906, on account of his wife, Agnes Babcock, having been injured, it being agreed between plaintiff and Sumner that, in consideration of legal services rendered and to be rendered in the future in the prosecution of the claim by Sumner, that Sumner shall receive as his fee one-fourth of all amounts recovered "if settlement is effected before filing suit, and one-third of all amounts so recovered after said claim is filed in court," it being further understood between the parties that if nothing was received for said injuries then Sumner would not be entitled to any fee.

A reply, after denying every allegation contained in the answer, alleges that Sumner, the attorney at law mentioned in the answer, was not authorized and had no authority from plaintiff to execute the release set out in the answer and that the release was signed and executed without the authority, knowledge or consent of plaintiff and that Sumner mailed to plaintiff his check for $187.50, being part of the $250 named in the answer and which it is averred was the only money received by plaintiff from defendant or from Sumner and that within a reasonable time thereafter, to-wit, on or about the 7th of September, 1906, and prior to the bringing of this suit, plaintiff tendered this $187.50 back to defendant but defendant refused to accept it, and it is averred that plaintiff refused to accept and repudiated the settlement as aforesaid and is ready and willing and has ever since been ready and willing to return to defendant the $187.50 which it refused to accept as above.

The trial was before the court, a jury having been waived.

Plaintiff asked several declarations of law on the theory that he was entitled to recover, notwithstand

ing the release, and as to the measure of damages to which he was entitled. The declaration as to the measure of damages was given, but that covering the main case was refused. As to this declaration, after setting out the facts under which plaintiff was entitled to recover on account of the injury to his wife, it proceeds, in substance, to declare that the paper writing, referring to the power of attorney given to Sumner and in evidence, did not authorize him to settle or compromise plaintiff's cause of action and that unless the court found from the evidence that the plaintiff by *"work"* of mouth authorized Sumner to compromise the cause of action, or by his conduct or acts, after knowing that Sumner had signed the release to defendant in evidence, ratified and confirmed the action of Sumner, "and if the judge, sitting as a jury, believes from the evidence that plaintiff tendered back to the defendant $187.50, the full amount received by him from said Sumner as shown by the evidence, before the commencement of this suit, and that defendant refused to accept it, then the plaintiff is entitled to recover." The court refused this, plaintiff excepting. In lieu of all other declarations of law the court of its own motion gave this:

"The court, trying this cause without the intervention of a jury, upon all the evidence, finds as follows:

"That plaintiff, on and after the 6th day of January, 1906, held a cause of action against defendant for loss of services and society of his wife, Agnes Babcock, and the expense of medical services, nursing and medicines, all caused by an injury to said Agnes Babcock, on one of defendant's cars, in the city of St. Louis, on or about the 6th day of January, 1906.

"That on or about the 13th day of April, 1906, plaintiff executed the written power of attorney, shown in evidence, whereby he employed one William D. Sumner to assert and collect such claim against defendant,

and such power of attorney was shown to the defendant before the payment of the sum of $250, hereinafter mentioned; that on the 14th day of June, 1906, defendant and said Sumner compromised all claims theretofore held by plaintiff against defendant for and in consideration of the cash sum of $250 then and there paid by defendant to said Sumner as attorney of plaintiff, receiving in return for such payment the written release of said date read in evidence; that on said day said Sumner remitted his check for $187.50, being three-fourths of the sum so received by him, to the plaintiff, and retained one-fourth of said $250 as his compensation by virtue of said written power of attorney; that plaintiff received said check of $187.50 on the 16th day of June, 1906, and on said day cashed the same, and commingled the proceeds thereof with his own funds, and so kept them commingled until immediately prior to the institution of this suit, to-wit, about the 8th day of September, 1906, without protest or notice of disaffirmance to defendant. The court further finds from the evidence that said William D. Sumner has now left the city of St. Louis; that his present whereabouts are unknown, and that he left no property or assets in this state or city. And the court further finds that under the terms of the power of attorney in question said Sumner had no original authority to compromise or settle plaintiff's cause of action at any sum not agreed to by plaintiff; but that plaintiff, upon being informed of such settlement by his attorney, did not repudiate or disavow such action of his attorney within a reasonable time, and that by his failure to so disaffirm plaintiff has ratified such act of the attorney, and is now bound thereby.''

Defendant at the close of the case and before the court announced the foregoing, asked a declaration of law to the effect that on the entire case plaintiff, under the pleadings and evidence, was not entitled to recover and the verdict should be for defendant. The

court gave this and making the above declaration rendered judgment for defendant. Plaintiff in due time filed his motion for a new trial which was overruled, execption duly saved and the case is here on his appeal.

It is unnecessary to set out the facts in the case or the evidence as they are so fully covered by the finding of the court which is before us in the abstract of the case as presented and prepared by plaintiff's counsel.

That counsel urges for reversal of the judgment, that the court erred in sustaining defendant's motion in the nature of a demurrer at the close of the case, and that it erred in holding that under the evidence plaintiff ratified the unauthorized and illegal act of the attorney in compromising plaintiff's cause of action. These are the two assignments of error made.

Under the first assignment it is argued by learned counsel for appellant that it will appear by an examination of the pleadings that the question of ratification was not in the case and that the appellate courts of the state have, in a long and unbroken line of decisions, declared that the issue of ratification or estoppel must be raised by the pleadings. Counsel for respondent answers this by contending that the question of lack of the agent's authority to compromise the case having been first raised by the reply, it was impossible for defendant to plead ratification, since under the code, the filing of a rejoinder or other pleading after the reply, is not tolerated, citing sections 1811 and 1830, Revised Statutes 1909. Section 1811 provides that the reply shall be governed by the rules prescribed in relation to answers and when it is filed the cause shall be deemed at issue; and section 1830 provides that every material allegation in the petition not controverted by the answer and every allegation of new matter contained in the answer, not controverted by the reply, shall for the purpose of the action be taken as true but that the allegations of new

matter in the reply shall be deemed controverted by the adverse party "as upon a direct denial or avoidance." These sections have been in our code ever since its adoption. We also have what is now section 1812, Revised Statutes 1909, which specifically provides that whenever a release or other discharge of the cause of action sued on is set up or pleaded in the answer in bar of the cause of action sued on "it shall be permissible in the reply to allege any facts showing or tending to show that said release, composition, . . . or other discharge was fraudulently or wrongfully procured from plaintiff, and the issue or issues thus raised shall be submitted with all the other issues in the case to the jury, and a general verdict or finding upon all the issues, including the issue or issues of fraud so raised, shall be sufficient." This section has no bearing on this case. The reply does not attack the release for fraud or wrong in procuring it, but it does attack it, under a verified reply, as not the act of plaintiff. It is true that matters in estoppel must be pleaded; but that is not this case. It is a plea of *non est factum*. Defendant was not bound to anticipate this defense in its answer. "It would have been bad pleading if he had." [Cravens v. Gillilan, 73 Mo. 524, l. c. 528.] When defendant pleaded the release, it had a right, without further pleading, to give in evidence any fact, either of prior authority or subsequent ratification, to show that it was the act of the plaintiff and was binding upon him. That we understand to be the decision in Cravens v. Gillilan, supra, and it is the last and hence controlling decision of our Supreme Court on the matter. If the defendant, in pleading the release, is also under obligation or even allowed to anticipate a defense which plaintiff may be supposed to have against the release, and then attack that supposed defense, it strikes us that an entire revolution in our mode of pleading would be effected. We hold, therefore, that it is open to defendant to meet the claim

against the release and discharge set up by any affirmative matter that will sustain the release against the force of which the plaintiff has pleaded. Even if the rule were otherwise, it would not avail plaintiff in this case inasmuch as no exception whatever appears in the abstract of the testimony and proceedings at the trial which is produced before us by counsel for plaintiff, to the introduction of any testimony tending to show waiver, estoppel, delay or acquiescence by defendant in the act of his attorney in fact. At the trial the case was conducted on both sides on the theory that it was open to defendant to avail itself of any of these matters as against the plaintiff's denial of the validity and force and conclusiveness of the release executed by his attorney in fact. Certainly the learned circuit judge tried the case on that theory. In the motion for a new trial there is no suggestion that evidence of ratification was improperly admitted because estoppel or ratification had not been pleaded. On the contrary, the specific error assigned in the motion for a new trial is "that the court erred in finding as a matter of fact that plaintiff ratified the illegal act of his attorney . . . because there was no evidence to support the finding." Trying the case on that theory, it is not open to defendant here and on this appeal to shift his ground. It is too late to raise first and in this court the question of the improper admission of testimony covering that matter, or to attack the action of the court in considering it in the final determination and disposition of the cause.

As covering the second error assigned and which goes to the merits of the case and to its result, we can add nothing to what was so well said by the trial judge in the declaration of law given of his own motion. He has there fully recited the facts and his conclusions thereon, as well as the grounds for those conclusions. So far as concerns matters of fact found, that finding is supported by ample evidence. When that is the

case, the conclusion of the trial judge, he sitting as a jury in an action at law on the facts, concludes us.

We find no errors of law to the prejudice of plaintiff.

Learned counsel for appellant lays much stress and quotes at very great length from the decision of this court in St. Louis Gunning Advertisement Co. v. Wanamaker & Brown, 115 Mo. App. 270, 90 S. W. 737. We agree with counsel for respondent that instead of that case sustaining the contention of counsel for appellant, that it makes against him. Judge GOODE, who delivered the opinion of this court in that case, says if the transaction is still in progress and the silence of the principal after notice induced the party dealing with the agent to pursue a course which would be detrimental to him if the principal was not held bound, that the ratification of the unauthorized act will be presumed, and that the same result will obtain when the person dealt with is induced to alter in any way his position to his detriment, but he says (l. c. 279): ''The result will obtain, too, when the principal accepts the benfit of what the agent did;'' and he continues: ''The cases abound in such remarks as that a principal must disavow the conduct of an agent done in excess of authority, in a reasonable time after getting notice of it, on pain of being deemed to have assented to the conduct; and some decisions hold that the disavowal must be immediate. But the prevalent doctrine is that it must occur in a reasonable time.''

In the case at bar the trial court held that under the facts of this particular case the disavowal had not been made in a reasonable time. On that finding of fact, which was a finding which could be arrived at on consideration of the facts before the trial court, the judgment of that court cannot be here successfully assailed.

There is some hint in the argument of counsel for appellant of unfair dealing and precipitate action on

the part of the representatives of defendant in procuring the release and paying over the money. We have examined the evidence as to this and find no occasion to arrive at any conclusion that there was any action or conduct of this kind on the part of the representatives of defendant.

We find no reversible error, no error to the prejudice of the plaintiff. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.