(No. 5615. March 14, 1931.)

MARTHA M. JUDD, Respondent, v. ROSE I. LUDKE, Known Heir and Devisee of CYRUS E. JUDD, also Known as C. E. JUDD, Deceased, Appellant.

[296 Pac 1080.]

460

M. L. Lewis, for Appellant.

James R. Bothwell and W. Orr Chapman, for Respondent.

LEE, C. J.—Plaintiff and respondent, Martha M. Judd, widow of Cyrus E. Judd, deceased, paid out of her separate funds certain taxes, water maintenance charges and amortization instalments to protect a parcel of land left by her husband. The deceased had made a will directing that the property be sold and the proceeds equally divided between his widow, his son, Leon E. Judd, and an adopted daughter, Rose I. Ludke, defendant and appellant.

Having been appointed executrix of the estate, respondent brought this suit, praying that she be subrogated to the rights of the original lienors, that the premises be impressed with a lien for the money so paid by her, and that the rights of the defendants be decreed to be subject and inferior to

those of her own as subrogee: she joined as defendants herself as executrix and the two devisees above mentioned.

Appellant Ludke filed a general demurrer which was by the court overruled; and upon issue joined, judgment was made and entered awarding respondent a lien against the separate interests of defendants, Leon E. Judd and Rose I. Ludke, each for one-third of the moneys advanced by respondent, and for costs: it was specifically provided that no personal judgment should be entered save for costs. From this judgment against her, defendant, Rose I. Ludke, has appealed.

 Her main complaint is that her general demurrer was overruled, the contention being that there was a misjoinder of parties defendant, since the plaintiff and defendant executrix were one and the same person. That the objection of misjoinder cannot be raised by general demurrer, has been settled in this jurisdiction. (*Bonham Nat. Bank v. Grimes Pass P. M. Co.*, 18 Ida. 629, 111 Pac. 1078.) Furthermore, since the trial court entered no judgment against either defendant executrix or the estate she represented, no prejudice could have possibly inured to appellant. (*Gillaspie v. Hagans*, 90 Cal. 90, 27 Pac. 34.)

██ It is insisted that respondent was not entitled to subrogation until she had shown full payment by her of the total mortgage lien. The mortgage contract provided for foreclosure at the option of the mortgagee upon default in any instalment: the instalments were delinquent; and foreclosure was impending, whether actually threatened or not. An exact situation was disposed of by this court in *Keel v. Vinyard*, 48 Ida. 49, 279 Pac. 420. Save with one exception, the other specifications of error are without merit.

The court found that the property involved was community property, yet it decreed that the two defendants should each bear one-third of the expense of protecting that property. As appellant points out, she should be charged with only one-sixth of the expense, if in fact she could share only in one-half of the community, the only

part deceased was empowered to devise. There is nothing in the pleadings or the evidence that indicates community; and this court is placed in a quandary. If the property was the separate property of deceased, the judgment should be affirmed: if it was community, the judgment should be modified. How can we modify unless we know the fact? True, the complaint alleged that deceased died, seised of the land in question; and appellant in open court admitted the truth of that allegation. But this is not a suit in which it is sought to determine the extent of the respective interests; and the probate court may eventually find the fact with respect to community either way. What would be the situation then? Either, appellant would have been charged in this action with twice the amount justly due from her or she would have been charged with her just proportion of the expense. *Quien sabe?*

Judgment reversed and cause remanded, with instructions to the trial court to take testimony touching the sole question of community and enter judgment accordingly. Costs to appellant.

Budge, Givens, Varian and McNaughton, JJ., concur.