[Decided January 25, 1888.]

## YAKIMA COUNTY *v.* J. M. TULLAR.

HIGHWAYS—ESTABLISHMENT OF—EMINENT DOMAIN—INJURY TO TIMBER CULTURE CLAIM—DAMAGES.—Plaintiff entered a timber culture claim upon which were three springs, and also entered as a homestead an adjoining tract of 160 acres, and the county commissioners, before he had acquired title, but while he was lawfully in possession, so located a public highway that the springs which furnished water for plaintiff's dwelling and other purposes were left in the middle of the road: *Held*, that plaintiff is entitled to damages for such injury.

ERROR to the District Court holding terms at North Yakima. Fourth District.

The defendant in error recovered a judgment against the county for damages sustained by the establishment of a public highway through his timber culture claim, to which he had not yet acquired title, but which was lawfully in his possession. The county appealed from the judgment.

*Mr. H. J. Snively*, for the Plaintiff in Error.

An entry upon public land, under the existing laws, vests no title in entryman, but gives only a right of possession, which may be perfected by continuous occupancy and improvement. (*French* v. *Spencer*, 21 How. 228; *Shepley* v. *Cowan*, 91 U. S. 337.) Under the existing laws of the United States, the right of way over public lands for county roads is granted to the public, and this right has priority over the rights of a settler not yet having title vested in him; a settler not even having the right to dedicate land under such circumstances to the public. (*Smith* v. *Smith*, 8 Pac. Rep. 385; Rev. Stats. U. S. sec. 2477; 2 N. W. Rep. 635.) The remedy afforded by the statutes of Washington Territory to persons aggrieved by the opening of a county road is confined to the persons who own the land taken. (Code of 1881, sec. 2976 et seq.) The facts in this case show that Tullar had no vested right in the land over which the road is proposed to be constructed; that he had no rights which he could transfer, and, *a fortiori*, none which could be taken from him by condemnation proceedings; he had no improvements on the land proposed to be taken; nor had he possession of it. The court erred in not instructing the jury to find for the defendant, and in overruling the motion of defendant for a new trial, and the judgment should be reversed.

*Messrs. Reavis, Mires & Graves*, for the Defendant in Error.

The words "public lands" are used in our legislation to describe such lands as are subject to sale and other disposition, and not such as are already claimed under the timber culture law. (*Newhall* v. *Sanger*, 92 U. S. 761.) This land was disposed of to defendant in error by the United States with conditions subsequent. (20 U. S. Stats. 89.) Property in such lands is recognized by our legislature. (Code, sec. 433; *Burch* v. *McDaniel*, 2 Wash. 58; *Cothrin* v. *Faber*, 4 Pac. Rep. 940; *Salee* v. *Corder*, 67 Cal. 174.)

Mr. Justice ALLYN delivered the opinion of the court.

Appellee, in 1885, entered a timber culture claim on the

northwest quarter of section 30, township 9 north, range 26 east, in Yakima county, and thereafter cultivated said land under the timber culture law. There was upon said claim three valuable springs. In the same year, appellee entered 160 acres adjoining as a homestead, and lives thereon. The water for appellee's dwelling, and other purposes, is derived from the springs above and upon said timber culture entry. The following year, the county commissioners of said county ordered a road located directly through said timber culture claim, and the same was so located and opened as to place the said three springs in the middle of the road.

Upon the report of the appraisers appointed by the commissioners, appellee was allowed $100 as damages, from which he appealed to the district court. In the district court the question was submitted to a jury, and appellant herein moved the court to find a verdict for the defendant, which was refused; and instead the court instructed the jury to "consider the value of plaintiff's (appellee's) timber culture *as a timber culture*, and not as land to which he had title, and determine the amount of damage to such timber culture." The jury assessed such damage at $450. There was ample evidence to sustain the *amount* of the verdict. The question at present is, can the appellee recover *anything* as damages to this timber culture to which he has not as yet acquired title?

That appellee had only the right of possession, with a right of later acquiring title; that he could not have dedicated this piece of land to the public for a road; and that the right of way over public lands is granted to the public, may all be conceded, and yet it by no means follows that a *bona fide* settler or entryman, because the legal title has not yet vested in him, can thus be deprived of valuable rights, as would be the case here. The right of way over "public lands" that is granted to the public for roads, etc., doubtless contemplates strictly public lands, such as are open to entry and settlement, and not those in which the rights of the public have passed, and which have become subject to some individual right, of settler, or the like, as in this case.

Under the laws of the United States appellee was in possession, and such possession was good as against the world so long as he complied with the laws. From all that appears, he had possession in this way; and to say that valuable features of the land, as springs, and the land itself, can thus be taken without compensation to the honest settler, for the use of the public, is to say a self-evident wrong; and such theory in this case would ignore the maxim, that "for every wrong there is a remedy." We do not believe the sections of the Code relied on by appellant contemplate such a possibility, or carry this intent in a case like this. The public have chosen to exercise their rights of locating this road; they have the benefit, let them pay the damage, which is fully proved.

Judgment of the court below is affirmed.

JONES, C. J., and LANGFORD, J., concurred.