[No. 2541. Decided October 5, 1897.]

THE COMMERCIAL ELECTRIC LIGHT AND POWER COMPANY, *Respondent*, v. CITY OF TACOMA, A. V. FAWCETT, *as Mayor, and* THOMAS E. DOHERTY, *as Commissioner of Public Works, Appellants.*

MUNICIPAL CORPORATIONS — FRANCHISES — FORFEITURE — WAIVER — ESTOPPEL — PLEADING — DEPARTURE — RIGHTS ACQUIRED UNDER FRANCHISE — REPEAL OF ORDINANCE.

Where an ordinance granting a franchise to an electric company required it, within fifteen months after the passage of the ordinance, to construct so much of its electric plant as would

furnish power, heat and light to all the business portion of the city, and to expend in said construction not less than $50,000 the first year, and declared that "if, at the expiration of the time given by this ordinance to make such improvements and expenditures, the same have not been made, then this franchise is hereby declared to be forfeited," the failure to expend $50,000 the first year would not be ground for forfeiture, if the required expenditures and improvements were actually made before the expiration of fifteen months.

Although a franchise granted by a municipal corporation may have been subject to forfeiture for failure to comply with the terms of the ordinance, yet such right to forfeit is waived by the city's acts showing a recognition of the continued existence of the franchise for several years after the right to declare a forfeiture had accrued.

The rule that a quasi public corporation cannot assign its corporate privileges and franchises without legislative assent, does not apply to assignments of franchises granted by a city to a corporation, as such franchises or privileges belong to the class of property that may, under Gen. Stat., § 1500, be bought, held, mortgaged, sold and conveyed by corporations organized in accordance with the laws of the state.

Where, during the term of a contract existing between two light companies allowing each to use the poles of the other to string wires, the plant of one light company was sold to the city, which enjoyed the fruits of that contract thereafter by receiving rental for the use of its own poles and in being allowed to continue its wires upon the other company's poles, the city is estopped from cutting down the wires of the light company on its poles, without having given the notice required by contract, on the assumption that the right to use the poles given by one company to the other was a mere license, which had been revoked *ipso facto* by the sale of one light plant to the city.

In an action by a light company to enjoin a city and its officers from interfering with the company's franchise to which a defense has been interposed that the franchise was forfeited, a reply setting up matters showing a waiver of forfeiture on the part of the city does not constitute a departure in pleading.

An ordinance granting a franchise is in the nature of a contract and it is not in the power of the city council to destroy rights and property thus granted by the passage of an ordinance repealing the franchise ordinance.

Appeal from Superior Court, Pierce County.—Hon. W. H. Pritchard, Judge.  Affirmed.

*John A. Shackleford*, and *J. S. Whitehouse (C. A. Murray*, of counsel), for appellants:

It will not be seriously contended that the plaintiff herein spent $50,000 the first year.  They contend, however, that if both conditions are performed within the maximum time that this would be a sufficient compliance.  Section 11 of the ordinance provided that if, at the expiration of the time given by this ordinance to make the improvement and expenditures, they have not been made, then this franchise is hereby declared to be forfeited, and this ordinance becomes null and void.  This is a self-acting forfeiture. *Brooklyn Steam Transit Co. v. Brooklyn*, 78 N. Y. 524. It will appear from this that the Tacoma Electric Company had no franchise to assign.

The appellants' second contention is that without special legislative authority, a grantee of a public or quasi-public franchise cannot assign the same without the consent of the legislature.  *State v. Sherman*, 22 Ohio St. 413; *Black v. Delaware, etc., Canal Co.*, 22 N. J. Eq. 399; *O. R. & N. Co. v. Oregonian Ry. Co.*, 130 U. S. 1; *Briscoe v. Southern Kan. Ry. Co.*, 40 Fed. 273.  This point is touched upon in the case of *Gas Co. v. Gas Co.*, 35 Am. St. Rep. 385; Pierce, Railroads, p. 496; *Van Steuben v. Central Ry. Co.*, 178 Pa. St. 367 (34 L. R. A. 577, and notes); 55 Albany Law Journal, 231.

The city could repeal the ordinance without notice and without reciting the reasons.  Dillon, Municipal Corporations, § 318, note; *Commonwealth v. Lykens Water Co.*, 110 Pa. St. 397; *Crease v. Babcock*, 23 Pick. 334 (34 Am. Dec. 61).

Estoppel was not pleaded in the complaint. To plead it in the reply was a departure. A franchise cannot be created by estoppel. *Commonwealth v. Upton*, 6 Gray, 476; *Cross v. Mayor of Morristown*, 18 N. J. Eq. 309; *Hood v. Lynn*, 1 Allen, 103; Dillon, Municipal Corporations, § 381.

Appellants contend that, if the contract for the use of poles created anything, it created a mere license to use the property of the grantor, that it was entirely personal in its nature. It was revoked, *ipso facto*, on purchase by the city, and this is true regardless of its execution and regardless of expenditure of money. *Minneapolis Mill Co. v. Minneapolis, etc., Ry. Co.*, 53 N. W. 639; *Hodgkins v. Farrington*, 5 L. R. A. 210 (15 Am. St. Rep. 168); *Maxwell v. Bay City Bridge Co.*, 41 Mich. 453.

*Stiles & Stevens*, for respondent:

It is a rule of construction of conditions subsequent of this kind that no forfeiture occurs until the expiration of the last event. *Omnibus R. R. Co. v. Baldwin*, 57 Cal. 160. That there may be such a thing as a self-acting forfeiture we do not deny; but they are very rare, and they must be couched in language which permits no doubt. The rule is that forfeiture is a judicial question. *Flint, etc., Plank Road Co. v. Woodhull*, 25 Mich. 99 (12 Am. Rep. 233); *In re Brooklyn El. R. R. Co.*, 26 N. E. 474; *Santa Rosa City R. R. Co. v. Central St. Ry. Co.*, 38 Pac. 986; *Appeal of Easton, etc., Ry. Co.*, 133 Pa. St. 505 (19 Am. St. Rep. 658). As to how a court of equity deals with a case of fully ascertained forfeiture, see *Pacific R. R. Co. v. Leavenworth*, 1 Dill. 393.

But even if the ordinance was self-executing, the right to forfeiture was waived by long acquiescence, by frequent

dealings with respondent concerning its wires on city poles, by maintaining its own wires on respondents' poles, by assessing and receiving taxes on this very property, and by never setting up the claim of forfeiture in suits brought against it; and it is now too late to assert it. *Ludlow v. N. Y. & H. R. R. R. Co.*, 12 Barb. 440; *Seattle v. Columbia, etc., R. R. Co.*, 6 Wash. 380; *Spokane St. Ry. Co. v. Spokane*, 6 Wash. 521; *Santa Rosa City R. R. Co. v. Central St. Ry. Co.*, 38 Pac. 986.

Such a franchise is mere property, which our statute governing the organization of corporations, expressly authorizes corporations to mortgage, sell or convey. *Anderson v. DeUrioste*, 31 Pac. 266; *New Orleans, etc., R. R. Co. v. Delamore*, 114 U. S. 510; *Klosterman v. Mason Co. Central R. R. Co.*, 8 Wash. 281; *Hovelman v. Kansas City*, 78 Mo. 632; *Willamette Mfg. Co. v. Bank*, 119 U. S. 191.

The opinion of the court was delivered by

ANDERS, J.—The city council of the city of Tacoma passed an ordinance No. 318, approved May 31, 1890, and entitled, "An ordinance granting to the Tacoma Electric Company and its assigns the right to erect poles and stretch wires thereon for electric purposes." Section 1 of this ordinance provides as follows:

" That there be and is hereby granted to Tacoma Electric Company and to its assigns the right, privilege, authority and franchise to locate, erect, place, maintain and use in the streets and alleys, within the city of Tacoma, poles with necessary cross arms, and thereon to fasten wires and to stretch such wires through said streets and alleys, and to maintain and use such wire for the purpose of thereby transmitting, distributing and furnishing to consumers thereof electric currents for the production of heat and power and for any and all other purposes to which

electric currents can or may be put, throughout the streets, alleys and other public places and the public and private buildings of the said city under the supervision of the city council or an officer empowered by said city council."

Section 8 reads as follows:

" That all the privileges hereby conferred upon and granted to said Tacoma Electric Company and its assigns shall continue for twenty-five (25) years from the time when this ordinance goes into effect, subject however to the reservations set forth in section 6 of this ordinance."

The reservation referred to in section 8 was the right to substitute the privilege of laying and maintaining such wires in underground conduits instead of upon poles, as specified in the first section. It was further provided in this ordinance " That said Tacoma Electric Company shall within ten days after the adoption of the ordinance, file with the city clerk its acceptance of the franchise herein granted . . . and shall also file a bond in the sum of twenty thousand dollars ($20,000), to be approved by the mayor;" and it is conceded that the Tacoma Electric Company complied with these conditions within the time limited.

On January 21, 1891, the Tacoma Electric Company duly sold, assigned and conveyed to the plaintiff herein all its rights, privileges and franchises under and by virtue of said ordinance numbered 318. Thereafter, and on the 21st day of January, 1892, the plaintiff entered into a contract with the Tacoma Light and Water Company, a corporation engaged in the business of furnishing electric light to the inhabitants of the city of Tacoma under a franchise granted to it by said city, by which it was mutually agreed that each of said companies should have the right and privilege to place and maintain its electric wires upon certain poles of the other for the period of three years,

and until after sixty days' notice of intention to terminate the contract. In pursuance of this agreement, each of said companies placed and maintained certain of its wires upon the poles belonging to the other. Subsequently, and in the year 1893, the Tacoma Light and Water Company sold to the defendant city its electric light plant, including the poles upon which plaintiff's wires were stretched and operated in pursuance of the above mentioned contract. After the city took possession of the electric light plant so purchased by it, and in the month of January, 1894, according to the finding of the trial court, it was apprised of the terms of the contract between the plaintiff and the Tacoma Light and Water Company, and assented thereto, and never at any time gave the proper notice to terminate the same. During the years 1895 and 1896, however, certain of the city officials, without any apparent authority from the council, notified the plaintiff to remove its wires from the city's poles. This the plaintiff refused to do, and on the night of July 10, 1896, the defendants Fawcett and Doherty, claiming to act by virtue of their authority as mayor and commissioner of the board of public works, respectively, caused the employees of the city to detach all the wires of plaintiff, which were then upon the poles of the city, and thereby rendered the same unfit for use in the distribution of electricity by plaintiff to its customers. On the following day plaintiff undertook to replace its wires so torn down, and was prevented from doing so by the defendants, whereupon it instituted this action to restrain the defendants and their employees from further removing plaintiff's wires, and also from interfering with their replacement. Upon the trial the court awarded an injunction, restraining the defendants from in any manner interfering with the plaintiff in replacing its wires as and where they were upon the poles of the

city, on the 10th day of July, 1896, and from terminating, or attempting to terminate, or giving notice to terminate, the agreement for the joint use of poles until the plaintiff had had five days' time, without hindrance or obstruction by defendants, in which to replace its wires. From this judgment and decree the defendants have appealed to this court.

It is claimed by appellants that during the course of the trial in the court below, the plaintiff was permitted to amend, by interlineation, paragraph 6 of its complaint, so as to make it read in effect that the Tacoma Electric Company and *its successor* complied with all of the conditions of said ordinance, etc., and that defendants thereupon interposed a general demurrer to the complaint, and that the court erred in overruling the same. No demurrer appears in the record, but the record does disclose an order overruling the demurrer to the complaint. We are, therefore, justified in concluding that such demurrer was interposed and overruled. But we are of the opinion, for reasons which will hereafter appear, that the demurrer was properly overruled.

It is next contended by appellants that the Tacoma Electric Company, and also the respondent, forfeited whatever rights they or either of them obtained by virtue of ordinance No. 318, by non-compliance with the conditions therein expressed. Section 7 of said ordinance provided that said Tacoma Electric Company should, within fifteen months after the passage of the ordinance, construct so much of their electric plant as would furnish power, heat and light to all the business portion of the city, and should expend in said construction not less than $50,000 the first year; and section 11 provided " that if, at the expiration of the time given by this ordinance to make the improvements and expenditures as above set forth, the same have

not been made, then this franchise is hereby declared to be forfeited, and this ordinance becomes null and void;" and the contention of appellants is that the forfeiture declared in the ordinance is self-executing, and that all the rights and privileges thereby granted were *ipso facto* forfeited. It is not contended by the respondent that the Tacoma Electric Company erected, or put in operation, an electric light plant in the city of Tacoma within the time specified in the ordinance or at all, but its contention is that it did comply with all of the conditions imposed by the ordinance.

The trial court found as a fact that the respondent, as assignee of the franchise granted to Tacoma Electric Company, did, within the time prescribed by section 7 of said ordinance, construct such an electric plant as would furnish heat and light to all the business portion of the said city of Tacoma, and did expend in said construction more than the sum of $50,000, and that said plant was in operation on or before September 1, 1891. We think the evidence fully justifies the finding of the court. But appellants insist that it was not shown that $50,000 was expended during the first year, as required by the ordinance, and that it did not appear at the expiration of the time specified that plaintiff was capable of furnishing either power or heat. But we think the evidence reasonably discloses that it could have furnished power and heat, if it had been requested to do so. It does not appear from the record just how many dollars were expended by respondent in the construction of its plant during the first year, but it does appear, as the court found, that it expended more than the sum of $50,000 in the erection of its plant, and that the plant was in full operation within the time limited. But the mere fact that less than $50,000 was expended during the first year is not alone sufficient to constitute a

forfeiture of· the rights and privileges conferred by the ordinance, for, as we construe the terms of the ordinance, it declared a forfeiture of the franchise only in the event of failure to expend the money and "make the improvements" within the time specified. *Omnibus R. R. Co. v. Baldwin,* 57 Cal. 160.

But even if it could be said that plaintiff's franchise was subject to forfeiture under the letter of the ordinance, still it appears that the city waived its right to forfeit by recognizing the ordinance as being in force long after the time it now claims the forfeiture occurred. It maintained its own wires upon the respondent's poles; it assessed and collected taxes on the franchise granted by the ordinance; it failed and neglected to set up the claim of forfeiture in suits which were brought against the city to enforce the same rights now claimed by the respondent, and it is too late now to assert its right and thereby destroy plaintiff's property and business. *Ludlow v. New York, etc., R. R. Co.,* 12 Barb. 440; *Santa Rosa City R. R. Co. v. Central St. Ry. Co.,* (Cal.) 38 Pac. 986; *Spokane St. Ry. Co. v. Spokane Falls,* 6 Wash. 521 (33 Pac. 1072).

It is a well settled rule of law that the state may waive a forfeiture of the charter of a corporation, either expressly or impliedly, by recognition of the continued existence of the corporation after the forfeiture, and it will be deemed to have done so by any act or acts clearly evincive of such an intention. 28 Am. & Eng. Enc. Law, p. 568.

The same doctrine is equally applicable to municipal corporations. As early as April 4, 1891, the appellant city expressly recognized the right of the respondent to do business as assignee of the Tacoma Electric Company, for upon that day respondent, in a written communication to the city council, stated that it was doing business under ordinance 318, and requested the privilege of putting certain

of its wires upon poles used by the city for fire alarm purposes. This communication was referred by the council to a committee for consideration. This committee reported favorably thereon, and the report was adopted. In fact, it pretty clearly appears that it never occurred to the city officials that the respondent was not entitled to the privilege of erecting poles and placing its wires thereon in the streets and alleys of the city until the city itself engaged in the lighting business.

The next contention of appellants is that, regardless of ordinance 318, the Tacoma Electric Company had no authority and, consequently, no power, to assign its corporate privileges and franchises to the respondent, for the reason that, without legislative authority, the grantee of a public or quasi-public franchise cannot assign or sell the same, or, in other words, that a public or quasi-public corporation cannot disable itself by contract from the performance of public duties which it has undertaken, without legislative consent. This principle has been frequently declared by the courts and it was especially announced in the following cases cited by the appellants: *Oregon Ry. & Nav. Co. v. Oregonian Ry. Co.*, 130 U. S. 1 (9 Sup. Ct. 409); *Briscoe v. Southern Kan. Ry. Co.*, 40 Fed. 273; *Gibbs v. Consolidated Gas Co.*, 130 U. S. 396 (9 Sup. Ct. 553).

The question therefore is, Does the principle announced by the above cases apply to the case at bar? In the first case above cited, a railway company, organized under the laws of Oregon, leased a railroad, its appurtenances and franchises, from a railroad corporation organized under the laws of Scotland, for the period of ninety-six years. The Oregon company took possession of the road leased by it, and for three years operated the same and paid the rent reserved in the lease. It then offered to return the prop-

erty to its lessor and refused to pay after-accruing rent. The plaintiff brought its action to collect the rent due and payable under the lease, and the court held that the Oregon company was not authorized to lease the railroad, nor the foreign company to make the lease, and that the contract, being contrary to law and public policy, could not be enforced.

In the *Gibbs case* above cited, the plaintiff sued the defendant corporation for compensation for obtaining a certain contract between it and other gas companies, to regulate the price of gas, etc., and it appeared that such a contract on the part of defendant was absolutely prohibited by law, and the court there held, as in the other case, that the plaintiff was not entitled to recover in the action.

And in *Briscoe v. Southern Kan. Ry. Co., supra,* the court held that the lease of the railroad which was not authorized by law, was not sufficient to relieve the lessor from liability for damages caused by the negligence of the servants of the lessee who was operating the road.

But we think there is a plain distinction between these cases and the one at bar. The Tacoma Electric Company did not assign or transfer any franchise or privilege granted to it by the state. It simply assigned to respondent a privilege which the city in plain terms had granted to it *and its assigns,* and that right in our judgment was included in that class of property which the statute provides may be bought, held, mortgaged, sold and conveyed by a corporation organized in accordance with the laws of this state. 1 Hill's Code § 1500; *Klosterman v. Mason County, etc., R. R. Co.,* 8 Wash. 281 (36 Pac. 136); *Hovelman v. Kansas City Horse R. R. Co.,* 79 Mo. 632; *Willamette Mfg. Co. v. Bank of British Columbia,* 119 U. S. 191 (7 Sup. Ct. 187).

In *People v. Mutual Gas Light Co.,* 38 Mich. 154, it

was held that the right of a gas company to lay pipes in a street under permission of the municipal government is not a state franchise but a local easement, resting in contract or license. The same principle of course applies to the right to erect and maintain electric poles and wires in the streets under a municipal grant, and that being so it clearly follows that the assignment to the respondent was neither illegal nor invalid. If we were to hold that the Tacoma Electric Company had no right to make the assignment complained of to the respondent, we would be justified upon the same principle and for the same reasons in holding that the Tacoma Light and Water Company had no right or power under the law to assign its privileges and franchises to appellant city. And that would probably be making an application of the doctrine urged by the city which would not be very satisfactory to it.

It is further urged on behalf of the appellants that the contract to maintain wires upon the poles of the Tacoma Light and Water Company amounted to a mere license revocable at will, and that such license was revoked *ipso facto* by the selling of the light plant to the city. But conceding that to be true, it nevertheless plainly appears that the city continued to enjoy the benefits accruing from that contract up to the very time this action was instituted, for, until that time, it left its own wires upon the poles of the respondent just as they were when the sale was accomplished, and on June 30, 1895, it demanded and received from respondent " rental " for the use of its poles at the contract price. It cannot be permitted to accept and enjoy the fruits of the contract and at the same time deny its existence, or claim that it was revoked.

Appellants also complain of the court's refusal to strike plaintiff's reply on the alleged ground that it was imma-

terial and irrelevant. The answer filed by defendants set up facts going to show that the plaintiff had forfeited whatever rights it obtained by virtue of the city ordinance, and the plaintiff in its reply stated affirmatively matters showing a waiver or estoppel on the part of the city. We think that this matter in the reply was not inconsistent with the complaint, but on the contrary was in accordance with that section of the Code of Procedure which provides that any new matter, not inconsistent with the complaint, constituting a defense to new matter set forth in the answer may be alleged in the reply. Code Proc., § 199.

On July 30, 1894, the city council passed an ordinance repealing ordinance 318. The court below held, and we think correctly, that this repealing ordinance had no effect upon the rights of the respondent. The ordinance which was sought to be repealed was in the nature of a contract, and it was not in the power of one of the contracting parties to destroy the rights and property of the other by merely declaring the contract abrogated.

Some other points are made by appellants which we have considered, but we do not think they are based upon any solid foundation. We think the decree of the trial court was just and equitable in every particular, and it is therefore affirmed.

REAVIS, DUNBAR and GORDON, JJ., concur.