[No. 3086. Decided December 3, 1898.]

COMMERCIAL ELECTRIC LIGHT AND POWER COMPANY, *Appellant*, v. CITY OF TACOMA, *Respondent*.

MUNICIPAL CORPORATIONS—TORTS OF OFFICERS—RATIFICATION.

Where a city ratifies the acts of its mayor in tearing down the electric wires of a private company which were lawfully upon the city's poles, the city is liable for the damages caused.

The ratification by a city of the unauthorized acts of an officer need not be by ordinance, but, ratification being a question of fact for the jury, any acts which tend to prove it, are admissible in evidence.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Reversed.

*T. L. Stiles*, for appellant:

When a municipal corporation makes contracts, or engages in enterprises, like the furnishing of water or gas or building sewers, and the like, it steps outside of its governmental character, its officers in that connection become mere agents, and it is liable for their tortious acts, the same as a private corporation would be; and if it did not order the particular act, if it ratifies it, either expressly or by implication, or if the act was within the apparent scope of the agent's business, the liability is the same. *Bailey v. Mayor*, 3 Hill, 531 (38 Am. Dec. 669);

*Lee v. Sandy Hill,* 40 N. Y. 442; *Aldrich v. Tripp,* 11 R. I. 141 (23 Am. Rep. 434); *Hamilton v. Fond du Lac,* 40 Wis. 47; *Durkee v. Kenosha,* 59 Wis. 123 (48 Am. Rep. 480); *Western Saving Fund Society v. Philadelphia,* 31 Pa. St. 175 (72 Am. Dec. 730); *Philadelphia v. Gilmartin,* 71 Pa. St. 140; *Ysleta v. Babbitt,* 8 Tex. Civ. App. 432; *Asbestine Tiling, etc., Co. v. Hepp,* 39 Fed. 324; *The Giovanni v. Philadelphia,* 59 Fed. 303; *McGary v. LaFayette,* 4 La. An. 440; *Wilde v. New Orleans,* 12 La. An. 15.

*W. H. Pritchard,* and *Walter M. Harvey,* for respondent:

The proposition that a municipal corporation is not re sponsible for the torts of its officers is elementary law. To make the municipality liable, it must appear that it ratified or adopted the acts of its officers, and this ratification or adoption must be explicit, definite and certain. *Tucker v. Jerris,* 75 Me. 184; *Perley v. Georgetown,* 7 Gray, 464; *Morrison v. Lawrence,* 98 Mass. 219.

The opinion of the court was delivered by

DUNBAR, J.—In 1896, the appellant was engaged in the electric lighting business in the city of Tacoma, and, by license from the city, had its wires strung on poles in the usual manner throughout the streets and alleys. The city was also engaged in the lighting business, and appellant, by virtue of a certain contract, had certain of its wires strung on poles which belonged to the city, at an annual rental. In July of the year 1896, the mayor of the city of Tacoma got together a force of men from the city's electrical department, and some of the policemen of the city, and in the night time caused all the wires of the appellant which were on the city's poles to be torn down and destroyed. This was done without previous express direction

or authority from the council. This action was brought against the city for the damages resulting from the tearing down and destruction of the wires of the appellant.

The complaint alleges the ratification of the action of the mayor by the city by the subsequent action of its officers. On the trial, plaintiff established its right to maintain its wires where they had been, by introducing the judgment roll in a case wherein that question was determined (*Commercial Electric Light and Power Co. v. Tacoma,* 17 Wash. 661, 50 Pac. 592); showed the character and amount of damages which it had sustained, that the city was engaged in the same kind of business, and was contending with appellant for the custom of the consumers of electricity; and introduced some evidence concerning the ratification of the action of the mayor. The appellant then sought to show, by introducing in evidence the record of cause No. 15,335, which had been finally determined in this court (a cause which had been commenced by the city against appellant), that it had, immediately after the acts complained of, sought affirmatively to take advantage of the mayor's act of tearing down appellant's wires by appealing to the same court, in another department, to enjoin appellant from putting them up again, thus practically nullifying the injunction which appellant had already obtained earlier in the day. The injunction asked was obtained, and forbade appellant to fasten any wires to the poles belonging to the city of Tacoma; but the case was afterwards determined against the city in this court. This testimony was objected to, on the ground that it did not tend to show ratification, and on the further ground that such actions were incapable of ratification by the defendant, the city of Tacoma. The objection was sustained, the court holding that the only way in which the city could have ratified these acts would have been by an ordinance, if indeed ratification were possible at all.

The plaintiff also sought to prove by Judge Pritchard, who issued the temporary injunction and restraining order before referred to, that the city attorney and some members of the city council came to him after the injunction was issued asking for a modification of the order. This testimony was also objected to, and the objection sustained by the court. Upon the rejection of this testimony, the defendant asked for a non-suit, which was granted and the action was dismissed at plaintiff's cost. So that the question to be determined is whether the city is responsible for the action of the mayor in committing the trespass alleged in the complaint, and, if so, whether it could ratify the actions of the mayor in any other way than by ordinance.

On the first proposition it was said in *Thayer v. Boston,* 19 Pick. 511 (31 Am. Dec. 157), by Chief Justice SHAW, who rendered the opinion of the court:

" That an action sounding in tort, will lie against a corporation, though formerly doubted, seems now too well settled to be questioned. *Yarborough v. Bank of England,* 16 East, 6; *Smith v. Birmingham, etc., Gas Light Co.,* 1 Adolph. & Ellis, 526. And there seems no sufficient ground for a distinction in this respect, between cities and towns and other corporations. *Clark v. Washington,* 12 Wheaton, 40; *Baker v. Boston,* 12 Pick. 184."

And the court in that case laid down the general rule as follows:

"As a general rule, the corporation is not responsible for the unauthorized and unlawful acts of its officers, though done *colore officii;* it must further appear, that they were expressly authorized to do the acts, by the city government, or that they were done *bona fide* in pursuance of a general authority to act for the city, on the subject to which they relate; or that, in either case, the act was adopted and ratified by the corporation."

It was also held in that case that whether a particular act operating injuriously to an individual was authorized by

the city by any previous delegation of power, general or special, or by any subsequent adoption or ratification of the particular act, was a question of fact, to be left to the jury to be decided by all the evidence in the case. And so we think that the question of ratification here was a question of fact, which ought to have been submitted to the jury, especially under the circumstances of this case, where the pleadings show that the parties were in competition with each other in furnishing light to the citizens of Tacoma. Mr. Dillon, in discussing this question, after laying down the rule that, to create the liability, the act must be done within the scope of the corporate powers, and that, if the act complained of necessarily lies wholly outside of the general or special powers of the corporation as conferred in its charter or by statute, the corporation can in no event be liable to an action for damages, says (§ 968):

" But if the wrongful act be not in this sense *ultra vires,* it may be the foundation of an action of tort against the corporation, either when it was done by its officers under its previous direct authority, or has been ratified or adopted, expressly or impliedly, by it;"

and in § 969 a, continuing, says:

" In the two preceding sections we have used the word *ultra vires* in the sense of meaning an act which both intrinsically and in its external aspects is, under all circumstances, wholly and necessarily beyond the possible scope of the chartered powers of the municipality."

So that, under this text, the action of the mayor in this respect does not fall within the definition of *ultra vires.* A case which seems to us squarely in point here, although its application is denied by the respondent, is that of *McGary v. Lafayette,* 12 Rob. (La.) 668. In that case, McGary had a building on what the mayor believed to be public land. He proceeded at the head of a force of labor-

ers and demolished a part of plaintiff's house, for the supposed reason that it was on public ground; and the city ratified the act by defending it. It was held that, although the acts of the mayor were done without any order from the town council, yet, by reason of its subsequent ratification, the town was liable. We do not think that under any of the modern authorities, at least, the ratification need necessarily be made by ordinance, but that any acts which tend to show ratification on the part of the city may be submitted to the jury in proof of ratification. It would be difficult to lay down a universal rule in regard to the proof of ratification, for every case depends upon the circumstances surrounding it. In this case, for instance, the fact that the city was in competition with the plaintiff would justify a character of proof to prove ratification that might not be admissible in a different kind of case; and we think that any testimony tending to show the action of the city authorities in relation to this act of the mayor ought to be admitted for the purpose of determining the fact whether such action was ratified by the city. The proofs offered were all competent for this purpose and should have been admitted.

The judgment will be reversed and the case remanded, with instructions to overrule the motion for a non-suit and to admit the proofs offered by the appellant.

GORDON and ANDERS, JJ., concur.