[No. 3935.   Decided January 3, 1902.]

FRANK WENDEL et ux., Appellants, v. SPOKANE COUNTY,
Respondent.

INJURIES TO LAND — ACTION BY HOMESTEAD ENTRYMAN——SUFFI-
CIENCY OF TITLE.

An entryman under the homestead laws of the United States
in actual possession and cultivation of the land selected, although
not having made final proof, may maintain an action for damages
for injuries to such land.

SAME — CONSTRUCTION OF HIGHWAYS — LIABILITY OF COUNTY FOR
RESULTING DAMAGE — ULTRA VIRES.

Where a county in establishing and laying out a county road
under powers granted it by statute does an act beyond the scope
of its powers, whereby injuries are caused to a person, such
county can be made to respond in damages therefor.

SAME.

Where the county authorities in laying out a county road
drain a lake, for the purpose of a roadbed, by cutting a canal
through a natural ridge, thus throwing the water onto lower
lands, the owner of lands seven miles distant from such roadbed
may maintain an action for damages for flooding his lands, if
such drainage is shown to be the proximate cause thereof.

SAME — PLEADING.

An action for damages caused by the defendants' draining a lake
in the construction of a county road, so as to flood plaintiff's
land, is based on the theory that it is the taking of private prop-
erty for public use without compensation, contrary to the prohibi-
tion of the constitution, and consequently it is unnecessary for the
complaint to allege carelessness or negligence in the act.

SAME — WRONGFUL ACT OF AGENTS——RATIFICATION BY COUNTY.

Although a county may not have been originally responsible
for the flooding of plaintiff's land, as the result of draining a
lake for the construction of a county road, yet where the county
has since used the road and maintained a ditch for the drainage
of the lake, it must be held to have ratified the wrongful act and
rendered itself liable for resulting injuries.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge. Reversed.

*Shine & Winfree,* for appellants.

*Miles Poindexter* and *James Z. Moore,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action for damages caused by
draining the waters of a lake in Spokane county onto
the lands of the plaintiffs, done by order of the board of
county commissioners in constructing a road across said
lake. The complaint alleges, in substance, that plaintiff
Frank Wendel had entered the lands as a homestead
under the homestead laws of the United States, and that
he and his wife have ever since lived on said lands and
cultivated them under the said homestead laws, but have
not yet made final proof; that the board of county com-
missioners of Spokane county ordered a county road to be
surveyed, laid out, established, and built, a portion of the
road running through Turnbull Lake; that they took a
portion of the bed of said lake for the purpose of building
the road, disregarded the surveyor's recommendation that
a bridge be built over said lake, and ordered a canal or
ditch to be cut out of said lake between the said roadbed
and the plaintiffs' land; that the ditch was for the pur-
pose of draining a portion of the said lake so that the road
might be built thereon; that the said canal or ditch was
constructed and finished by defendant, and was cut
through a natural ridge of land which had theretofore
protected plaintiffs' land from the overflow of said lake;
that it was cut in order to give an outlet for the water on
said roadbed for the purpose of avoiding the necessity
of maintaining a bridge; that the road was laid out, es-
tablished, built, and constructed by Spokane county, and

is now being used by said county as a county road, and that the said waters of said roadbed have been since said date, and are now being, drained through said ditch; alleging the damages arising from the emptying of the waters upon plaintiffs' land. A demurrer was interposed to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained, and, the plaintiffs electing to stand upon their complaint, judgment was entered dismissing the action, from which judgment this appeal is taken.

It is claimed by the respondent that there was not sufficient allegation of ownership in the land to maintain this action. We think, however, that the allegations set forth in the complaint above noted were sufficient. *Yakima County v. Tullar*, 3 Wash. T. 393 (17 Pac. 885); *Pierce v. Frace*, 2 Wash. 81 (26 Pac. 192, 807).

The main contention, however, is that the act complained of was beyond the legal power of the county, and therefore *ultra vires*; or, reduced to logical statement, that the county had no right to commit the act which caused the damage, and is therefore not responsible. A great many of the cases cited by respondent are to the effect that the county cannot do an unlawful act, and that, if such act is done by an officer of a municipal corporation, the corporation is not liable in any event. These cases are not in point in this state, where the opposite doctrine has been uniformly held. *Kirtley v. Spokane County*, 20 Wash. 111 (54 Pac. 936); *Einseidler v. Whitman County*, 22 Wash. 388 (60 Pac. 1122); *Commercial Electric, etc., Co. v. Tacoma*, 20 Wash. 288 (55 Pac. 219, 72 Am. St. Rep. 103).

In discussing the liability of municipal corporations for acts committed by their officers which are defended on

the ground of the same being *ultra vires,* we must not lose sight of the distinction which exists between acts which are absolutely *ultra vires* by reason of the corporation having no authority to act on the subject-matter—it being wholly beyond the scope of its powers—and those acts which in a sense are termed *ultra vires,* where the body has jurisdiction of the subject-matter, but, in the execution of its authority, trespasses upon the rights of others. In the first instance it is conceded by all authority that the corporation is not liable, and in the second, by almost universal modern authority, that it is; that the wrongful act may be the foundation of an action for damages against the corporation, and that such action will lie against the corporation either when the act is done by its officers under its authority or has been ratified by it. Keeping these distinctions in view, it is not difficult to determine that the action will lie in this case if the allegations of the complaint are true; for the action of the county in this respect was not in reference to a matter which was entirely without its authority and scope. On the contrary, it was acting upon a subject especially relegated to its management and control by the laws of the state.

Respondent says that this damage, if any was caused, was caused over seven miles from the roadbed. It makes no difference whether the damages were sustained seven miles or seven feet from the roadbed. It might be a little more difficult to prove that the action of the county at that distance was the proximate cause of the injury; but that is a question which will be submitted to the discretion of the jury. The contention of the respondent that the county cannot be held responsible for injuries occurring off of or beyond the roadbed resulting from the building of the road cannot be sustained by either reason

or authority. It might as well be said that if the roadbed was covered with boulders, they could be rolled off by order of the county onto adjoining lands, or that the county could sluice mud or water from the roadbed onto adjoining lands or even lands at a distance, and shift the liability to the individuals who did the work. Such a claim is aptly criticized by the supreme court of the United States in *Salt Lake City v. Hollister,* 118 U. S. 256 (6 Sup. Ct. 1055), in the following language:

"It is said that the acts done are not the acts of the city, but of its officers or agents who undertook to do them in its name. This would be a pleasant farce to be enacted by irresponsible parties, who give no bond, who have no property to respond to civil or criminal suits, who make no profit out of it, while the city grows rich in the performance."

The circumstances in the case cited were different from those in this case, but the principle involved in relation to the liability of the corporation is exactly the same.

It is insisted that there is no allegation of carelessness or negligence in the complaint. No such allegation is necessary. If the allegations of the complaint are true, it is the taking of private property for public use without compensation, and falls within the prohibition of the constitution (art. 1, § 16) so often construed by this court. And it makes no difference whether it was done negligently or carefully. The taking is what the constitution prohibits. *Brown v. Seattle,* 5 Wash. 35 (31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161); *State ex rel. Smith v. Superior Court of King County,* 26 Wash. 278 (66 Pac. 385).

In any view of the case the county has ratified the action, whoever may have been originally responsible for it. *Commercial Electric, etc., Co. v. Tacoma, supra.*

As sustaining the view that the action of the county in draining the lake for the purpose of building the road is not *ultra vires* to such an extent that the county can escape responsibility for damages resulting from such work, see *Ashley v. Port Huron,* 35 Mich. 296 (24 Am. Rep. 552) ; *Pumpelly v. Green Bay Co.,* 13 Wall. 166 ; *Arimond v. Green Bay, etc., Canal Co.,* 31 Wis. 316 ; *Ealon v. Boston, etc., R. R. Co.,* 51 N. H. 504 (12 Am. Rep. 147) ; *Tyler v. Tehama County,* 109 Cal. 618 (42 Pac. 240) ; *McClure v. Red Wing,* 28 Minn. 186 (9 N. W. 767) ; *Hendershott v. Ottumwa,* 46 Iowa, 658 (26 Am. Rep. 182).

Some other minor objections to the complaint are raised, which, we think, are not meritorious. The complaint stating a cause of action against the county, the judgment will be reversed, with instructions to the lower court to overrule the demurrer.

REAVIS, C. J., and ANDERS, MOUNT, WHITE, FULLERTON and HADLEY, JJ., concur.