[No. 4267.   Decided January 7, 1903.]

J. F. McCORKLE, *Respondent,* v. HENRY MALLORY, *Appellant.*

JOINDER OF ACTIONS — BREACH OF CONTRACT — CONVERSION.

It is not a misjoinder of causes of action to unite in one complaint an action for the recovery of damages for the breach of a contract, and an action which sets up the same contract and alleges that plaintiff, in order to fulfill it, erected certain buildings and camp equipment, and that defendant wrongfully took possession thereof and refused delivery on demand.

PLEADING — DEPARTURE — NEW MATTER IN REPLY.

New matter, not inconsistent with the complaint, constituting a defense to new matter set forth in the answer, may be alleged in the reply, without being open to the objection of being a departure from the cause stated in the complaint.

SPECIAL VERDICT — WHEN CONSTRUED TO SUPPORT GENERAL VERDICT.

Where a special verdict is susceptible of two constructions, one of which will support the general verdict and the other will not, such construction should be given as will support the general verdict.

JURORS — IMPLIED BIAS — RELATION OF ATTORNEY AND CLIENT.

A client of an attorney for one of the parties, called as a juror, is not subject to challenge on the ground of implied bias, under Bal. Code, § 4984, which provides that a challenge for implied bias may be taken when the juror stands in the relation of attorney and client to the adverse party.

DAMAGES — DOUBLE ASSESSMENT — BREACH OF CONTRACT AND CONVERSION.

In an action for damages for breach of contract to take logs cut by plaintiff on defendant's land, and for the conversion of plaintiff's buildings and camp equipment necessary in the performance of such contract, and which he was entitled to remove at the expiration of the contract, a verdict determining loss of profit under the contract and assessing damages for the appropriation of the buildings, etc., would not be a double assessment of damages.

Appeal from Superior Court, Thurston County.—Hon. Oliver V. Linn, Judge. Affirmed.

*Troy & Falknor,* for appellant.

*W. I. Agnew,* for respondent.

The opinion of the court was delivered by

Mount, J.—On August 20, 1900, appellant and respondent entered into an agreement by which respondent was to cut saw logs from certain tracts of land and deliver these logs to appellant at his saw mill. Two causes of action are alleged in the complaint: (1) That appellant had violated the terms of the contract by requiring respondent to cease work thereunder; and (2) that appellant had appropriated to his own use certain buildings and personal property used by respondent in performing the contract, and which were left by respondent upon the premises.

Damages were demanded for breach of the contract, and also for the value of the property taken. Upon a trial before the court sitting with a jury, a judgment was recovered by the plaintiff (respondent here) and defendant appeals.

It is claimed that the court should have sustained the demurrer to the complaint (1) because there was a misjoinder of causes of action, and (2) because the complaint did not state facts sufficient to constitute a cause of action. The complaint, for a first cause of action, alleged the contract and a breach thereof, and damages on account thereof. For the second cause of action, it alleged the same contract, and that plaintiff in order to fulfill his contract erected certain buildings and camp equipment on the premises, and that appellant wrongfully took possession thereof, and refused to deliver them to respondent upon demand. Both these causes of action arose out of the same matter, viz., the violation of the contract, and were therefore, under § 4942, subd. 1, Bal. Code, properly joined. The causes of action are separately stated, and each states a cause of action. The demurrer was properly overruled.

In the answer of appellant it was admitted that there was a contract entered into which was alleged to be in writing, a copy of which was set out in the answer. It was alleged that, by the terms of the contract, appellant was not required to take the logs at any particular time or in any particular quantity; that, when he refused to permit respondent to deliver logs for a certain time, he was acting within the terms of his contract, and there was, therefore, no breach thereof. Respondent in his reply denied that the contract was in writing, and denied that the contract set out in the answer was the contract between the parties, and alleged that the agreement was that respondent was to deliver logs at the rate of 15,000 to 20,000 feet per day,

being the estimated capacity of the mill. It is claimed that this last allegation is a departure from the allegations in the complaint, and that the court erred in refusing to strike the reply. It is true that it was not alleged in the complaint at what rate per day the logs were to be delivered to appellant at the mill; but it was alleged that the appellant, without cause and against the desire of respondent, ordered and directed respondent to cease logging operations, and refused to allow respondent to cut and deliver logs under the contract, although respondent was at all times ready and willing to carry out his part of the contract. The reply did not attempt to set up a different contract from the one alleged in the complaint, or one inconsistent therewith, nor to enlarge the ground upon which recovery was originally sought. In addition to denying the contract set up in the answer, it set out more fully what the respondent claimed the contract really was by way of denial of the right of appellant to terminate the same at his pleasure. New matter, not inconsistent with the complaint, constituting a defense to the new matter set forth in the answer, may be alleged in the reply. *Commercial Electric Light & Power Co. v. Tacoma,* 17 Wash. 661, 674 (50 Pac. 592) ; *Childs Lumber, etc., Co. v. Page,* 28 Wash. 128 (68 Pac. 373). It was therefore not error to refuse to strike the reply.

The principal question in the case, both upon the pleadings and upon the trial, was as to the terms of the contract, and whether or not it was in writing. Appellant claimed it was in writing, and respondent claimed it was not in writing. Both parties admitted that there was a contract, but disagreed as to its terms. It was not claimed that the written contract was ever executed, but appellant claimed that the writing alleged in his answer, and introduced in evidence at the trial, contained all the terms of

the contract, while respondent claimed that he had refused
to execute the writing because it did not state all the terms
thereof correctly, in this, to wit, that he was to be per-
mitted to deliver 15,000 to 20,000 feet of logs per day.
At the trial the court, at the request of appellant, permitted
the following special interrogatory to the jury:    "Did
the contract, referred to in plaintiff's complaint as being
made on August 20, 1900, contain the following clause:
'The logs to be delivered upon said landing as fast as re-
quired by said party of the first part, and of such length
as ordered?'"    The jury answered this interrogatory in
the affirmative.    It was not disputed on the trial that such
provision was agreed to by both the parties, but the re-
spondent claimed that the agreement contained more than
that, viz., that he should in any event deliver 15,000 feet
per day, and as much more as appellant should require.
This is not necessarily inconsistent with the claim of re-
spondent, and cannot be urged by appellant as being a find-
ing by the jury that the terms of the contract were as
claimed by appellant.    If counsel for appellant meant to
ask the jury by this question whether or not the contract
was in writing, or if they meant to have the jury say that
this provision was the whole of the contract upon that
point, then the question was misleading, and evidently mis-
understood by the jury, because in that event there was no
breach of the contract, and the verdict should have been for
the appellant.    But the jury found that this provision was
not the whole of the contract upon this point, because they
found that there had been a breach of the contract and
awarded respondent damages therefor.    The only breach
claimed by respondent was that appellant ordered him
to cease logging for a time, and then requested respondent
to begin again later, but to deliver only 5,000 feet per

day. These facts were admitted on both sides. Where a special verdict is susceptible of two constructions, one of which will support the general verdict and the other will not, that construction will be given the special verdict which will support the general verdict. It was therefore not error of the court to refuse a new trial on this ground.

It is next claimed as error that the lower court denied the challenge of appellant to a juror for implied bias. George W. Hopp was called as a juror, and qualified himself as a juror in the cause. He stated, however, that he was a client of Mr. Agnew, attorney for the respondent, in other pending litigation. Appellant thereupon challenged the juror for implied bias. This challenge was denied, and exception taken. Appellant submitted a peremptory challenge to this juror, and thereafter exhausted his peremptory challenges. Section 4984, subd. 2, Bal. Code, provides as follows:

"A challenge for implied bias may be taken for any or all of the following causes, and not otherwise. . . . 2. Standing in the relation of guardian and ward, attorney and client, master and servant, or landlord and tenant, to the adverse party."

It is plain from this statute that an attorney of an adverse party may be challenged as a juror for implied bias, and, if the attorney were a party to the cause, his client would be subject to the same challenge. But, unless the attorney of a party to an action can be held to be an adverse party within the meaning of the statute, it does not apply. The words "adverse party," as used in this section, clearly refer to the parties to the action,—the plaintiff and defendant, and are used to include both. The attorney of a party to the action is not an adverse party, within the meaning of this section, any more than any other employee may be said to be an adverse party. He simply repre-

sents one of the adverse parties. The statute certainly does not mean that a servant or tenant of the attorney for an adverse party may be challenged for implied bias, and yet, if a client in other proceedings may be challenged, the servant or tenant of the attorney for one of the parties may for the same reason be challenged. The statute, we think, clearly means that, where the relation of guardian and ward, or the relation of attorney and client, or the relation of master and servant, or the relation of landlord and tenant, exists between the juror and either of the parties plaintiff or defendant, then bias is presumed because of the confidential relations existing between these classes of persons. Where an attorney is a party, either plaintiff or defendant, his client may be challenged for implied bias; but, where the attorney is not a party to the action, a client in other causes, who is otherwise qualified, may not be challenged for implied bias. It is true this court, in *State v. Boyce,* 24 Wash. 514 (64 Pac. 719), said, "that a challenge for implied bias may be taken when it appears that the juror and the attorney are standing in the relation of guardian and ward, or attorney and client," etc. But this declaration was not for the purpose of construing the statute in question, because the construction of this statute was not involved in that case. It was a mere inadvertent declaration of what the court assumed the statute to be, without intent to construe it. In the case of *State v. McGraw* (Idaho), 59 Pac. 178, the supreme court of Idaho seems to have held that the statute of that state, which is practically the same as ours, means that the attorney for the defendant is included with the defendant, and that therefore a client of the attorney may be challenged for implied bias. But we cannot believe that such was the intent of our statute.

It is further claimed that the buildings and camp equipment were necessary to the work of logging; that the whole of plaintiff's damages were determined when the loss of profit under the contract was ascertained, and that, when the court permitted the jury to assess damages for the buildings, etc., appropriated by the appellant, there was a double assessment of damages. The respondent testified that the buildings were of a temporary character, and that he was to be permitted to remove them and the equipment at the expiration of his contract. The jury must have found this to have been the fact. The respondent was then entitled to his buildings and the equipment, or its value, in addition to the profit which he would have made under his contract. There was no double assessment of damages in this.

The discussion of errors above disposes of all the assignments of merit. There was no error in the cause, and the judgment is therefore affirmed.

REAVIS, C. J., and ANDERS and FULLERTON, JJ., concur.